Daniel J. Brooks (DB-3136)
SCHNADER HARRISON SEGAL & LEWIS LLP
140 Broadway, Suite 3100
New York, New York 10005-1101
(212) 973-8000
Attorneys for Defendant



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

DR. MAC TRUONG,

                      Plaintiff,

    -against-

CHARLES SCHWAB & CO., INC.,

                    Defendant.

-----------------------------------------------------------------x

07 Civ. _____ (   )

**NOTICE OF REMOVAL**

      PLEASE TAKE NOTICE that defendant CHARLES SCHWAB & CO., INC., pursuant to 28 U.S.C. §§1441 *et seq.* and based upon this Court's diversity jurisdiction under 28 U.S.C. §1332, removes this action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York. The grounds for such removal are as follows:

      1.     This action was commenced against Defendant in the Supreme Court of the State of New York, County of New York, by the filing of a Summons and Verified Complaint on or about September 6, 2007. This Summons and Verified Complaint were delivered to me but have not yet been properly served on Defendant. This Notice of removal, therefore, is being filed within thirty (30) days of receipt of a copy of the Summons and Verified Complaint. A copy of the Summons and Verified Complaint is attached hereto as Exhibit "A".

      2.     Upon information and belief, Plaintiff is a citizen of the State of New Jersey.

3.      Defendant Charles Schwab & Co., Inc. is a corporation organized under the laws of the State of Delaware and maintaining a principal place of business in the State of California.

4.      The amount in controversy, as alleged in Plaintiff's Verified Complaint, exceeds $75,000, exclusive of interests and costs.

5.      Jurisdiction exists in this Court by reason of diversity of citizenship, 28 U.S.C. § 1332.

Dated: New York, New York
       September 14, 2007

                         SCHNADER HARRISON SEGAL
                          & LEWIS LLP

                    By: _____

                         Daniel J. Brooks (DB-3136)
                    140 Broadway, Suite 3100
                    New York, New York 10005
                    (212) 973-8000
                    *Attorneys for Defendant*

To:    Dr. Mac Truong
       325 Broadway, Suite 200
       New York, New York 10007
       (212) 566-6000
       *Plaintiff Pro Se*

PHDATA 3008652_1

**EXHIBIT A**

SUPREME COURT OF THE STATE OF
NEW YORK - COUNTY OF NEW YORK

Index No.   07- 112140

---

DR. MAC TRUONG,

       Plaintiff

    Against

CHARLES SCHWAB & CO., INC.,
       Defendant

**Basis of Venue:** Defendant's and
Plaintiff's Principal Place of Business

## SUMMONS WITH NOTICE

*[Trial by Jury Demanded]*

NEW YORK
COUNTY CLERK'S OFFICE

SEP 0 6 2007

NOT COMPARED
WITH COPY FILE

To each and everyone of the above-named Defendants:

      YOU ARE HERBY SUMMONED to serve upon Dr. Mac Truong, Plaintiff *pro se* herein, whose address is listed below, a Verified Answer to Complaint herewith served upon you, within 20 days after service of this Summons upon you, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York). If you fail to do so, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: New York, New York

       September 1, 2007

Mac Truong, Ph.D., J.S.D.

Plainitff pro se
325 Broadway, Suite 200
New York, NY 10007
(212) 566-6000

NEW YORK
COUNTY CLERK'S OFFICE

SUPREME COURT OF THE STATE OF
NEW YORK - COUNTY OF NEW YORK

_____

DR. MAC TRUONG,
        Plaintiff
        Against

CHARLES SCHWAB & CO., INC.,
        Defendant

_____

Index No. 07 - 112140

SEP 0 6 2007

NOT COMPARED
WITH COPY FILE

**VERIFIED COMPLAINT**

[Trial by Jury Demanded]

Plaintiff, Mac Truong, as and for his Verified Complaint, alleges as follows:

1. Plaintiff is over 18 years of age and does business with an office located at 325 Broadway, New York, NY 10007.

2. Upon information and belief defendant Charles Schwab & Co., Inc., is a legal entity duly licensed to do business in the state of New York. This defendant is represented by attorneys at law, SCHNADER HARRISON SEGAL & LEWIS, LLP, located at 140 Broadway, Suite 3100, New York, NY 10005-1101, with Daniel J. Brooks, Esq., as its lead attorney.

## GENERAL FACTUAL BACKFOUND
## GIVING RISE TO VARIOUS CAUSES OF
## ACTION BEING SUBJECT TO THIS COMPLAINT

3. Since about August 1995 plaintiff is a customer of Charles Schwab & Co., Inc., holding the following eight accounts:

    (1)  Mac Truong's IRA Account #8932-5539, containing about $430,000.00;

    (2)  Mac Truong's personal Account #8932-5532, containing about $640,000.00;

    (3)  Mac Truong and Maryse Mac-Truong's Joint Account #8932-5542 - containing about $520,000.00;

    (4)  Mac Truong's Custodial Account for his son Hugh Mac-Truong #5816-3382 - containing about $430,000.00;

    (5)  Mac Truong's Custodial Account for his daughter Thulinh Mac-Truong #5816-3378 - containing about $266,000.00;

1

(6) Mac Truong's Corporate Account opened in the names of Vishipco Line #9090-7706 in August 1995 and then #9090-7712 in August 1997; and

(7) Mac Truong's Corporate Account opened in the name of ten Vishipco Lines companies #9090-7708 in August 1995 and then #9090-7712 in August 1997; and

(8) Mac Truong's Corporate Account opened in the name of Dai-Nam Hang-Hai Cong-Ty Vishipco Line of Vietnam #2664-3955 in August 1995 and then #2664-3974 in August 1997. These corporate accounts #6, #7 and #8 contained a total of more than $2,100,000.00 belonging to the undersigned entirely as of February 18, 2004, date on which plaintiff was granted a bankruptcy discharge [See, In re Mac Truong et al. #03-40283-NLW - USBC-DNJ] from all debts prior to September 15, 2003 to all entities, including 10 Vishipco Lines companies for which plaintiff had recovered funds through lawsuits from 1976 to 1986 and deposited at Schwab in August 1995.

4. In March 2003 without plaintiff's consent or any court order, defendant Charles Schwab & Co., Inc., following the instructions of their lead attorney at law Daniel J. Brooks, Esq., transferred out all plaintiff's assets in the total amount of about $4,500,000.00 in his eight foregoing accounts to third parties, without any prior or subsequent notice or long accounting or report providing any details to plaintiff or any court. Defendant made said transfer without plaintiff's consent or knowledge. Defendant made said transfer without evidence that the assets in plaintiff's accounts belonged to other entities than plaintiff. Defendant made said transfer without a long accounting showing that the assets in plaintiff's accounts belonged to other entities than plaintiff. Defendant made said transfer without an express final enforceable finding of fact made by a court of competent jurisdiction determining that said assets belonged to other entities than plaintiff. Defendant made said transfer without a final enforceable order by a court of competent jurisdiction directing expressly that defendant must release said assets to other entities than plaintiff without providing to plaintiff or the court any notice or long accounting or report or copy of such final order.

5. When plaintiff inquired about such drastic March 2003 transfer-out or rather unlawful conversion of all his $4,500,000.00 deposited at Schwab, defendant referred him to its attorney at law Daniel J. Brooks, Esq., for an explanation. Mr. Brooks thereafter misrepresented to plaintiff and to all concerned parties or authorities that on September 26, 2007 Justice Ira Gammerman of this New York Supreme Court ordered Schwab to release

every penny in plaintiff's eight accounts to Elaine Nguyen, a client of David M. Levy, Esq., one of his accomplices.

6.  Plaintiff thereafter sued and/or tried to amend his complaints already filed against Schwab et al. to recover said converted assets in various courts, including the U.S. District Court for the Southern District of New York. Unfortunately for plaintiff, Mr. Brooks kept making the same egregious misrepresentation of fact to the Court, and the U.S. District Court found him credible and granted Schwab's motion(s) to dismiss plaintiff's complaints and/or cross-claims based on the Rooker-Feldman and/or res judicata and/or collateral estoppel doctrines, in that, without a hearing on this material issue of fact, the U.S. District Court found that Justice Ira Gammerman did (1) order on September 26, 2002 Schwab to release indiscriminately (without any long accounting or evidence as to the origin or title to the assets) every penny in plaintiff's eight accounts at Schwab to Elaine Nguyen, Levy's client, and (2) find that plaintiff had conspired with Richard Zweig, Esq., an imposter in that he had pretended to be Vietnam's attorney while he could not present any evidence to that effect to the Court on September 25, 2002, to steal Vietnam's share to the recovery proceeds made by plaintiff between 19876 and 1986. Judge Sidney H. Stein of the USDC-SDNY even sanctioned plaintiff under 28 USC 1927 for having sued Schwab in several different civil actions before the Court, and enjoined him from commencing any new actions in the USDC-SDNY without prior court leave. Plaintiff appealed from said (erroneous) orders to the U.S. Court of Appeals for the Second Circuit. Indeed, as far as he is concerned whether or not Zweig, Esq., is attorney for Vietnam, owner of Vitranschart, Inc., Justice Gammerman never directed Schwab to release to Levy's client (be that Vietnam or Elaine Nguyen) any funds except $192,570.46, which was known as the "interpleaded" asset and declared on April 3, 2000 by Justice Cozier property of Vitranschart, Inc., and held in plaintiff's three corporate accounts at Schwab.

7.  While being in the long appellate process from various dismissal orders of the USDC-SDNY, with a view to quickly put an end to Schwab's counsel Brooks's blatant lie about the meaning of Justice Gammerman's order, in July 2007 plaintiff moved this New York Supreme Court, New York County, to clarify its September 26, 2002 Order to declare in substance that plaintiff has a cause of action against Schwab for conversion of each and every penny over the $192,570.46 deposited in his eight Schwab accounts by transferring it to any third party, who had not submitted to Schwab written evidence of plaintiff's consent

3

or final explicit formal court order(s) directing Schwab to effectuate such transfer(s), if any.

8. Daniel J. Brooks, Esq., and one of his accomplices, David M. Levy, Esq., did timely oppose plaintiff's said motion. Plaintiff duly replied. Richard H. Zweig, Esq., also intervened to seek an order clarifying that his representation of Vietnam, that is under investigation for disbarment purpose by the Departmental Disciplinary Committee of the First Appellate Division of the New York Supreme Court, was not fraudulent. Levy, Esq., strongly opposed such Zweig's intervention.

9. On August 16, 2007 Brooks, Esq., David M. Levy, Esq., Richard H. Zweig, Esq., and plaintiff herein timely appeared in this New York Supreme Court before Justice Ira Gammerman for an oral argument of plaintiff's motion for a clarifying order. As the transcript of the court order shows, Justice Gammerman, stopping plaintiff from talking, purposely asked for and obtained a repeated unambiguous admission from both Brooks, Esq., and Levy, Esq., that Charles Schwab & Co., Inc., had not only taken $192,570.46 but also absolutely emptied all plaintiff's eight accounts and transferred all the funds thereof (about $4,500,000.00 in all) to Levy's client (Elaine Nguyen, a registered heavy gambler of the Tropicana Casino Hotel, Atlantic City, New Jersey). Attorney Brooks took most of the time to contend on record in substance that Schwab did so because "clearly" on September 26, 2002 the Court ordered them to do so, and it was "ridiculous" and "frivolous" for plaintiff Mac Truong to sue them thereafter for such transfers of his assets at Schwab, which were made in total compliance with the Court's said "unambiguous" order. Justice Gammerman further carefully asked for and received a clear admission from Levy, Esq., that he had withdrawn his objection to (hence accepted as true) plaintiff Mac Truong's long accounting that Mac had filed pursuant to the New York Supreme Court's April 3, 2000 Order (B.A. Cozier, Justice), evidencing and/or identifying which assets in plaintiff's eight accounts at Schwab were those that plaintiff had collected for 10 Vishipco Lines companies in Vietnam from 1976 to 1986, i.e. the debt in the amount of $192,570.46, which the Court declared on April 3, 2000 property of those companies, which were predecessors of Vitranschart, Inc., property of the government of Vietnam.

10. Based upon the foregoing undisputed findings of fact **Justice Gammerman concluded in substance as a matter of law that plaintiff herein may recover from Charles Schwab & Co., Inc., by commencing a new separate proceeding in an appropriate court, any assets they transferred out from his Schwab accounts that were unrelated to any**

4

**money plaintiff had recovered for ten Vishipco Lines companies under his U.S. Treasury Department licenses between 1976 and 1986, i.e. any assets in excess of $192,570.46,** which plaintiff had acknowledged to be property of Vitranschart, Inc., and was formally declared to be so by Justice Cozier on April 3, 2000.

11. **Background Note 1:** Vitranschart, Inc., is the legal successor-in-interest to 10 Vishipco Lines companies for which plaintiff had recovered a certain amount of assets between 1976 and 1986 and deposited in his three corporate accounts at Schwab. **Note 2:** As a matter of law Schwab has the burden of proof prior to taking from plaintiff's accounts any assets allegedly belonging to Vitranschart, Inc., or any other third parties, before turning such assets over to them. **Note 3:** On February 18, 2004 plaintiff was granted a chapter 7 bankruptcy discharge and as such owes nothing to Vitranschart, Inc., or any other third parties. **Note 4:** It is neither Schwab's right nor duty to collect any debt for Vitranschart, Inc., or any other third parties, against plaintiff's assets deposited at Schwab.

12. Upon information and belief in August 1997 defendant Schwab accepted as true documents it knew or had reason to know to be forged from third parties and acted in concert with third parties to pretend that assets in plaintiff's accounts at Schwab were property of other entities than plaintiff. Defendant thereafter changed some account numbers and transferred assets therein to new accounts under third parties' names and/or care without plaintiff's knowledge or consent or court order. In September 1997 defendant further unlawfully froze all plaintiff's assets in all his accounts at Schwab without his consent or court order.

13. Upon information and belief in March 2003 when they converted all plaintiff's assets deposited in his eight accounts at Schwab, defendant Schwab knowingly violated stay relief under 11 USC 362, triggered by plaintiff's filing for bankruptcy under Chapter 11 on or about July 12, 2000, of which defendant had full knowledge.

14. Upon information and belief in March 2003 when they converted all plaintiff's assets deposited in his eight accounts at Schwab, defendant knowingly violated the terms of plaintiff's various U.S. Licenses issued to him by the U.S. Treasury Department, Office of Foreign Assets Control, between 1976 and 1986. The terms of these licenses, which were issued to plaintiff personally, directed in substance that those assets that plaintiff collected for 10 Vishipco Lines companies in Vietnam between 1976 and 1986 must be paid by plaintiff (not by his bank) to the true owner(s) thereof at the time they would have been unrestricted by law. Upon information and belief defendant paid plaintiff's assets

5

deposited at Schwab to its counsel's law firm and third parties it knew or had reason to know not to be owner(s) of 10 Vishipco Lines companies, which were mentioned in plaintiff's licenses issued to him personally by the U.S. Treasury Department under the Trading With Enemy Act.

15. In order to prevent plaintiff from acting as a licensed lawyer to recover his assets stolen by Schwab, Daniel J. Brooks, Esq., lead attorney for Schwab, went as far as intentionally lying to the Departmental Disciplinary Committee of the First Appellate Division of the New York Supreme Court that plaintiff conspired with Richard Zweig, Esq., an imposter in that he had pretended to be Vietnam's attorney while he could not present any evidence to that effect to the Court on September 25, 2002, to steal Vietnam's monies. Based on said lie by Brooks, Esq., corroborated by Levy, Esq., one of his accomplices, on August 11, 2005 the New York Supreme Court disbarred plaintiff herein, causing extensive damages to plaintiff's life in all different imaginable facets.

16. Brooks, Esq., also lied to this Court about February and March 2003 that assets in plaintiff's IRA Account #8932-5539 did not belong to plaintiff but to other entities and accused plaintiff of "stealing" them and moved the Court under false pretenses to order plaintiff to immediately turn them over to Schwab to transfer to third parties, under the penalty of being imprisoned until such time as such assets were duly and fully turned over to Schwab. The Court being misled and defrauded by Schwab counsel Daniel J. Brooks did order plaintiff to immediately turn over his IRA assets to Schwab for the purpose of allowing them to continue to figure out how to correctly release the assets that plaintiff had recovered for Vitranschart from 1976 to 1986. Plaintiff did fully comply with the Court's order and returned all the assets in his IRA account to Schwab. As a consequence of the foregoing most malicious and wrongful act of malicious prosecution and abuse of process committed by Schwab, based on blatant misrepresentations of fact and/or egregious misinterpretations of court orders, and especially abuse of the trust that this Court had placed on the attorney for a nationally reputable brokerage firm, plaintiff has suffered extensive and extreme hardship and damages to his life not only as a well-known successful practicing attorney at law, but also as a husband of a gentle loving wife, and father of two young wonderful children, whose lives have been profoundly affected by said humiliating events and vicious unwarranted attacks by defendant Schwab herein, for the purpose of covering up their crimes by rendering ineffective not only plaintiff's mental but also physical and/or legal ability to prosecute his causes of action against them.

6

## AS A FOR A FIRST CAUSE OF
## ACTION AGAINST DEFENDANTS BASED
## ON COMMON LAW CRIME OF CONVERSION

17. Plaintiff repeats all the allegations already made above with the same force and effect as if fully set forth at length herein.

18. The facts indicate that defendants have unlawfully converted the funds of plaintiff in his IRA account at Schwab under the name of Mac Truong IRA Account #8932-5539.

19. As a consequence thereof plaintiff Mac Truong has been damaged in the sum of Four Hundred Thirty Thousand Dollars ($430,000.00) plus interest at 9% commencing September 1, 1997 and is entitled to relief in form of a judgment finding that plaintiff has been injured by defendants, and granting plaintiff a money judgment in the sum of $430,000.00 dollars, plus 9% interest commencing September 1, 1997, plus expenses, costs and punitive damages in the sum of $430,000.00 per annum from September 1, 1997 to date.

## AS A FOR A SECOND CAUSE OF
## ACTION AGAINST DEFENDANTS BASED
## ON COMMON LAW CRIME OF CONVERSION

20. Plaintiff repeats all the allegations already made above with the same force and effect as if fully set forth at length herein.

21. The facts indicate that defendants have unlawfully converted the funds of plaintiff in his Schwab Account #8932-5532 under the name of MAC TRUONG (containing assets worth about $640,000.00).

22. As a consequence thereof plaintiff Mac Truong has been damaged in the sum of Six Hundred Forty Thousand Dollars ($640,000.00) plus interest at 9% commencing September 1, 1997 and is entitled to relief in form of a judgment of this Court finding that plaintiff has been injured by defendants, and granting plaintiff a money judgment in the sum of $640,000.00 dollars, plus 9% interest commencing September 1, 1997, plus expenses, costs and punitive damages in the sum of $640,000.00 per annum from September 1, 1997 to date.

## AS A FOR A THIRD CAUSE OF
## ACTION AGAINST DEFENDANTS BASED
## ON COMMON LAW CRIME OF CONVERSION

23. Plaintiff repeats all the allegations already made above with the same force and effect as if fully set forth at length herein.

24. The facts indicate that defendants have unlawfully converted the funds of plaintiff in his Schwab Account #8932-5542 under the name of MAC TRUONG JOINT WITH MARYSE MAC-TRUONG (containing assets worth about $520,000 in 2000).

25. As a consequence thereof plaintiff and his wife have been damaged in the sum of Five Hundred Twenty Thousand Dollars ($520,000.00) plus interest at 9% commencing September 1, 1997 and is entitled to relief in form of a judgment of this Court finding that plaintiff has been injured by defendants, and granting plaintiff a money judgment in the sum of $520,000.00 dollars, plus 9% interest commencing September 1, 1997, plus expenses, costs and punitive damages in the sum of $520,000.00 per annum from September 1, 1997 to date.

## AS A FOR A FOURTH CAUSE OF
## ACTION AGAINST DEFENDANTS BASED
## ON COMMON LAW CRIME OF CONVERSION

26. Plaintiff repeats all the allegations already made above with the same force and effect as if fully set forth at length herein.

27. The facts indicate that defendants have unlawfully converted the funds of plaintiff in his Schwab Account #5816-3382 under the name of MAC TRUONG CUSTODIAL ACCOUNT FOR HUGH MAC-TRUONG (containing assets worth about $430,000 in August 2000).

28. As a consequence thereof plaintiff Mac Truong and his son Hugh Mac-Truong have been damaged in the sum of Four Hundred Thirty Thousand Dollars ($430,000.00) plus interest at 9% commencing September 1, 1997 and is entitled to relief in form of a judgment of this Court finding that plaintiff has been injured by defendants, and granting plaintiff a money judgment in the sum of $430,000.00 dollars, plus 9% interest commencing September 1, 1997, plus expenses, costs and punitive damages in the sum of $430,000.00 per annum from September 1, 1997 to date.

## AS A FOR A FIFTH CAUSE OF
## ACTION AGAINST DEFENDANTS BASED
## ON COMMON LAW CRIME OF CONVERSION

29. Plaintiff repeats all the allegations already made above with the same force and effect as if fully set forth at length herein.

30. The facts indicate that defendants have unlawfully converted the funds of plaintiff in his Schwab Account #5816-3378 under the name of MAC TRUONG CUSTODIAL ACCOUNT FOR THULINH MAC-TRUONG (containing assets worth about $266,000.00 in August 2000).

31. As a consequence thereof plaintiff and his daughter Thulinh Mac-Truong have been damaged in the sum of Two Hundred Sixty-Six Thousand Dollars ($266,000.00) plus interest at 9% commencing September 1, 1997 and is entitled to relief in form of a judgment of this Court finding that plaintiff has been injured by defendants, and granting plaintiff a money judgment in the sum of $266,000.00 dollars, plus 9% interest commencing September 1, 1997, plus expenses, costs and punitive damages in the sum of $266,000.00 per annum from September 1, 1997 to date.

## AS A FOR A SIXTH CAUSE OF
## ACTION AGAINST DEFENDANTS BASED
## ON COMMON LAW CRIME OF CONVERSION

32. Plaintiff repeats all the allegations already made above with the same force and effect as if fully set forth at length herein.

33. The facts indicate that defendants have unlawfully converted the funds of plaintiff in his Schwab corporate Account No. 9090-7712 entitled Vishipco Lines (formerly accounts #9090-7706 and #9090-7708) containing invested assets worth about $1,400,000 in 2000.

34. As a consequence thereof plaintiff Mac Truong has been damaged in the sum of One Million Four Hundred Thousand Dollars ($1,400,000.00) plus interest at 9% commencing September 1, 1997 and is entitled to relief in form of a judgment of this Court finding that plaintiff has been injured by defendants, and granting plaintiff a money judgment in the sum of $1,400,000.00 dollars, plus 9% interest commencing September 1, 1997, plus expenses, costs and punitive damages in the sum of $1,400,000.00 per annum from September 1, 1997 to date.

9

## AS A FOR A SEVENTH CAUSE OF
## ACTION AGAINST DEFENDANTS BASED
## ON COMMON LAW CRIME OF CONVERSION

35. Plaintiff repeats all the allegations already made above with the same force and effect as if fully set forth at length herein.

36. The facts indicate that defendants have unlawfully converted the funds of plaintiff in his Schwab corporate Account No. 2664-3974 – Dai Nam Hang Hai (formerly #2664-3955) and containing invested assets worth about $705,000.00 in 2000.

37. As a consequence thereof plaintiff Mac Truong has been damaged in the sum of Seven Hundred and Five Thousand Dollars ($705,000.00) plus interest at 9% commencing September 1, 1997 and is entitled to relief in form of a money judgment of this Court finding that plaintiff has been injured by defendants, and granting plaintiff a money judgment in the sum of $705,000.00 dollars, plus 9% interest commencing September 1, 1997, plus expenses, costs and punitive damages in the sum of $705,000.00 per annum from September 1, 1997 to date.

## AS AND FOR AN EIGHTH CAUSE OF
## ACTION AGAINST DEFENDANTS IN
## VIOLATION OF 42 U.S.C. 1983

38. Plaintiff repeats all the allegations already made above with the same force and effect as if more fully set forth at length herein.

39. The facts indicate that Defendants have acted fraudulently under color of New York state law or court orders or forged documents and/or false records and/or false pretenses to deprive plaintiff of his civil rights, privileges or immunities to property, due process and/or equal protection under the laws, and/or the terms of his licenses issued to him by the U.S. Treasury Department, and/or under 11 USC 362, in violation of 42 USC 1983.

40. As a consequence of Defendants' foregoing egregious and aggravated violations and/or felonies plaintiff has been damaged in the sum of One Hundred Millions Dollars ($100,000,000.00) and is entitled to relief in form of a judgment by this Court finding that plaintiff has been injured by Defendants and granting plaintiff a money judgment in the sum of $100,000,000.00 dollars, plus attorney fees, court costs and expenses.

**WHEREFORE  Plaintiff respectfully moves the Court for a Judgment:**

1. Granting damages in the sum of $430,000.00 dollars, plus 9% interest commencing September 1, 1997, plus expenses, costs and punitive damages in the sum of $430,000.00 per annum from September 1, 1997 to date as and for plaintiff Mac Truong's First Cause of Action; and

2. Granting damages in the sum of $640,000.00 dollars, plus 9% interest commencing September 1, 1997, plus expenses, costs and punitive damages in the sum of $640,000.00 per annum from September 1, 1997 to date as and for plaintiff Mac Truong's Second Cause of Action; and

3. Granting damages in the sum of $520,000.00 dollars, plus 9% interest commencing September 1, 1997, plus expenses, costs and punitive damages in the sum of $520,000.00 per annum from September 1, 1997 to date as and for plaintiff Mac Truong's and his wife Maryse Mac-Truong's Third Cause of Action; and

4. Granting damages in the sum of $430,000.00 dollars, plus 9% interest commencing September 1, 1997, plus expenses, costs and punitive damages in the sum of $430,000.00 per annum from September 1, 1997 to date as and for plaintiff Mac Truong's and his son Hugh Mac-Truong's Fourth Cause of Action; and

5. Granting damages in the sum of $266,000.00 dollars, plus 9% interest commencing September 1, 1997, plus expenses, costs and punitive damages in the sum of $266,000.00 per annum from September 1, 1997 to date as and for plaintiff Mac Truong's and his daughter Thulinh Mac-Truong's Fifth Cause of Action; and

6. Granting damages in the sum of $1,400,000.00 dollars, plus 9% interest commencing September 1, 1997, plus expenses, costs and punitive damages in the sum of $1,400,000.00 per annum from September 1, 1997 to date as and for plaintiff Mac Truong's Sixth Cause of Action; and

7. Granting damages in the sum of $705,000.00 dollars, plus 9% interest commencing September 1, 1997, plus expenses, costs and punitive damages in the sum of $705,000.00 per annum from September 1, 1997 to date as and for plaintiff Mac Truong's Seventh Cause of Action; and

8. Granting damages in the sum of one Hundred Millions dollars ($100,000,000.00), plus attorney fees, court costs and expenses as and for plaintiff Mac Truong's Eighth Cause of Action; and

9. Granting plaintiff(s) reasonable attorneys' fees and court costs for having prosecuted this action; and

10. Granting such other and further relief as may be just, proper and equitable in the premises.

Dated : September 3, 2007

_____

Mac Truong, Ph.D., J.S.D., Plaintiff *pro se*

11

# VERIFICATION

State of New York      )
County of New York )        ss.

MAC TRUONG, being duly sworn, deposes and says:

That deponent is the named plaintiff in the within entitled action, that deponent has read the foregoing VERIFIED COMPLAINT knows the contents thereof, that the same is true to deponent's own knowledge except as to the matters therein stated to be alleged on information and belief and that as to those matters deponent believes it to be true.

Sworn to before me this
__6th__ day of September, 2007

Mac Truong, Plaintiff

DANIEL MEDINA
Notary Public, State of New York
No. 01ME6016924
Qualified in Queens County
Commission Expires Aug. 23, 20__