UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
DR. MAC TRUONG,                               :

              Plaintiff,          :    07 Civ. 8085 (SHS)

   -against-                                     :

CHARLES SCHWAB & CO., INC.,           :

             Defendant.         :
-------------------------------------------------------x

## DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF MAC TRUONG'S MOTION TO REMAND

### PRELIMINARY STATEMENT

In an order dated October 25, 2007, this Court gave defendant Charles Schwab & Co., Inc. ("Schwab") until November 7, 2007 to submit any opposition it may have to plaintiff's motion to remand. In referring to the motion to remand, the Court stated: "By letter dated October 2, 2007, plaintiff moved for an 'Order to Remand Proceeding back to State Court And/or Other Appropriate Relief.'" Schwab has not been served with a motion to remand dated October 2, 2007, but was served with a letter from Mac Truong to the Court, dated September 14, 2007, entitled "Motion for Order to Remand Proceeding Back to State Court And/or Other Appropriate Relief." This memorandum of law will respond to the arguments contained in that letter ("Truong Letter"). In addition, in a memorandum of law dated October 12, 2007 ("Truong Memo."), submitted in opposition to Schwab's motion to hold him in contempt of this Court's March 19, 2003 filing injunction in Vishipco Line v. Charles Schwab & Co., No. 02 Civ. 7823 (SHS), Mac Truong made some additional arguments challenging the validity of Schwab's removal of this action. This memorandum of law also responds to those arguments.

**ARGUMENT**

I. **THIS ACTION WAS PROPERLY REMOVED FROM THE STATE COURT BECAUSE, WHETHER OR NOT THE STATE COURT HAD PERSONAL JURISDICTION OVER SCHWAB, THE ACTION IS WITHIN THIS COURT'S ORIGINAL JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP**

Mac Truong argues that both he and Schwab have maintained places of business and transacted business with each other in New York and that Schwab, therefore, was subject to personal jurisdiction in the New York State Supreme Court (where this action was commenced and from where it was removed to this Court by Schwab). See Truong Letter, at 2. Accordingly, Mac Truong contends, removal was improper because 28 U.S.C. § 1441 does not permit removal by a party that is "personally subject to the jurisdiction of the New York court." Id.

The removal statute contains no such prohibition; 28 U.S.C. § 1441(b) does not preclude removal by a defendant who is subject to personal jurisdiction in the state court. Rather, it states, in pertinent part: "Any other [non-federal question] . . . action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Accordingly, whether or not Schwab was subject to the *in personam* jurisdiction of the state court, it properly could remove this action to this Court, provided that Schwab was not a citizen of the State of New York at the time of removal; that the parties were of diverse citizenship; and that the matter in controversy exceeded the sum or value of $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332(a).

For purposes of 28 U.S.C. §§ 1332 and 1441, a corporation "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . ." See 28 U.S.C. 1332(c)(1); see also R. G. Barry Corporation v.

2

Mushroom Makers, Inc., 612 F.2d 651, 654 (2d Cir. 1979) (same). Accordingly, Schwab, the only defendant in this action, properly could remove this case if it was not incorporated in the State of New York and did not have its principal place of business in the State of New York.

As shown in the accompanying declaration of Sean B. Meehan, dated November 6, 2007, submitted in opposition to the motion to remand ("Meehan Dec."), Schwab was incorporated in the State of California and has its principal place of business in San Francisco, California. Therefore, Schwab is not a citizen of the State of New York and properly removed this action, provided that the other requisites of diversity jurisdiction were satisfied.

Although the notice of removal, which was timely filed, mistakenly alleged that Schwab was incorporated in Delaware (which is where its parent company, The Charles Schwab Corporation, was incorporated), it is now conclusively established that Schwab itself is a corporation organized and existing under the laws of the State of California. See Meehan Dec. ¶¶ 3-4 & Ex. A thereto. Schwab, therefore, is exclusively a citizen of the State of California, rather than a dual citizen of the States of Delaware and California, as erroneously asserted in the notice of removal.[1]

Complete diversity of citizenship exists between the parties to this action. Mac Truong does not deny the allegation, upon information and belief, in the notice of removal, that

---

[1] In either case, whether based on the notice of removal or the facts recited in the accompanying Meehan declaration, Schwab is not a citizen of the State of New York and was not, therefore, prohibited from removing the case from the New York Supreme Court. Although the notice or removal contained an inadvertent error, it is entirely appropriate to permit the correction of this type of innocuous mistake in the context of a motion to remand. See, e.g., Mackason v. Diamond Financial LLC, 347 F. Supp. 2d 53, 55-56 (S.D.N.Y. 2004).

he is a citizen of the State of New Jersey (where he and his wife have twice filed for bankruptcy, claiming to be domiciled in that state). While Mac Truong insists that he has his regular place of business in the State of New York (Truong Letter, at 2), that does not render him a citizen of the State of New York; but, even if it did, diversity of citizenship would still exist, given that Schwab is a citizen of the State of California.

The complaint filed by Mac Truong in the state court does not contain an allegation concerning Schwab's principal place of business; it only states, upon information and belief, that Schwab "is a legal entity duly licensed to do business in the state of New York" and is "represented by attorneys . . . located at 140 Broadway, Suite 3100, New York, NY . . ." See complaint, ¶ 2. The notice of removal, on the other hand, alleges that Schwab's principal place of business is located in the State of California. See notice of removal, ¶ 3.

The fact that Schwab does business and maintains offices in New York does not, of course, mean that it is a citizen of the State of New York. For diversity purposes, a corporation may only have one principal place of business; therefore, it is irrelevant that a corporation may be "licensed to do business in a state," "or that it does business in a state." See American National Fire Insurance Co. v. Mirasco, Inc., 99 Civ. 12405 (RWS), 2000 U.S. Dist. LEXIS 13736, at *10 (S.D.N.Y. Sept. 20, 2000) (citing cases). Nor is it relevant whether the dealings between Mac Truong and Schwab occurred primarily in New York. As stated by the Court in Vays v. Ryder Truck Rental Inc., 240 F. Supp. 2d 263, 265 (S.D.N.Y. 2002): "28 U.S.C. § 1332 'does not focus on the principal place where the business underlying the subject matter of the dispute is conducted. Rather it focuses on the corporation's principal place of business.'" (quoting In re Balfour Maclaine Intern. Ltd., 85 F.3d 68, 76 (2d Cir. 1996)).

There are "two basic tests for determining a corporation's principal place of business for diversity purposes: the 'nerve center' test and the 'public impact' or 'place of operations' test." Center for Radio Information, Inc. v. Herbst, 876 F. Supp. 523, 525 (S.D.N.Y. 1995); see also R. G. Barry v. Mushroom Makers, 612 F.2d at 655 (same). Schwab clearly has its "nerve center" or "center of gravity" in San Francisco, where its headquarters are located, its board of directors meets, and where its senior executives direct and control the corporation's business and set policies applicable to its nationwide network of branch offices. Center for Radio Information, 876 F. Supp. at 525; see Meehan Dec. ¶¶ 5-6. Similarly, because Schwab has far more branches and many more employees in California than anywhere else, including New York (Meehan Dec. ¶ 7), its principal place of operations and its most extensive contacts with, and greatest impact on, the general public are in California. Center for Radio Information, 876 F. Supp. at 525-26. Deeming Schwab to be a citizen of California due to this "public impact" comports with the stated purpose of diversity jurisdiction, which is to protect a defendant from local prejudice, on the theory that a corporation was "likely to be welcome" and would not "face hostility . . . as a foreigner" in a state where its contacts were greatest. Center for Radio Information, 876 F. Supp. at 526; see also R. G. Barry v. Mushroom Makers, 612 F.2d at 656-57.

Accordingly, Schwab properly removed this action because: it is not a citizen of the State of New York; there is complete diversity of citizenship between the parties to this action; and, as evidenced by the complaint, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## II.  MAC TRUONG'S OTHER FRIVOLOUS OBJECTIONS TO THE REMOVAL OF THIS ACTION SHOULD BE SUMMARILY REJECTED

Mac Truong asserts that this action is so closely related to a prior action he instituted in the state court in 1997 against Schwab, entitled <u>Mac Truong v. Charles Schwab & Co.</u>, Index No. 604650/97 (the "New York Action"), that the removal of this action on September 14, 2007 ran afoul of 28 U.S.C. § 1446(b), which provides that a notice of removal may be filed within thirty days of an amended pleading that first discloses that the case is removable, except that a removal based on diversity jurisdiction may not be filed more than one year after the commencement of the action. Truong Letter, at 2. This is an absurd contention inasmuch as this action is a separate action from the New York Action, which was dismissed and closed four years ago, and the complaint in this action is not an amended pleading.

Mac Truong also contends that, because this Court *enjoined him*, in an order dated March 19, 2003, from filing any additional actions against Schwab without leave of court, Schwab somehow was also enjoined from removing this action (improperly filed by Mac Truong without leave of court, in violation of this Court's injunction) without leave of this Court. Truong Letter, at 4. Merely to state this brazen contention is to refute it.

Mac Truong also falsely claims that Justice Gammerman permitted the filing of this action in state court (Truong Letter, at 4-5), a claim that is as irrelevant as it is false. Even if Justice Gammerman had permitted the filing of this action, it would still be removable.

Finally, Mac Truong argues that this Court somehow "abstained" from adjudicating this matter because of prior rulings in other actions directing Truong and his adversaries to litigate their underlying dispute in the New York Action. <u>See</u> Truong Letter, at 3;

Truong Memo., at 2-4. The flaw in this argument is that Truong and his adversaries did litigate the underlying dispute in the New York Action and Mac Truong lost. The fact that this Court remanded the New York Action on May 24, 2002, after it had been improvidently and belatedly removed by Truong's adversaries based on federal question jurisdiction, obviously has no bearing whatsoever on Schwab's timely removal of this separate action based on diversity jurisdiction. Notably, Mac Truong himself sued Schwab in this Court, in six separate actions, in October 2002, well after this Court's remand of the New York Action.

## CONCLUSION

For the foregoing reasons, Mac Truong's motion to remand should be denied and Schwab should be granted such other and further relief as the Court deems just and proper.

Dated: New York, New York
       November 7, 2007

                                Respectfully submitted,

                                SCHNADER HARRISON SEGAL & LEWIS LLP

                                By: _____
                                    Daniel J. Brooks (DB-3136)
                                140 Broadway, Suite 3100
                                New York, New York 10005
                                (212) 973-8000

                                Attorneys for Defendant
                                    Charles Schwab & Co., Inc.

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK          )
                                      ) ss.:
COUNTY OF NEW YORK     )

Timothy Clancy, being duly sworn, deposes and says, deponent is not a party to this action, is over eighteen (18) years of age and resides in Monmouth County, New Jersey. That on the 7th day of November, 2007, deponent served the attached DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF MAC TRUONG'S MOTION TO REMAND upon:

        Mac Truong
        325 Broadway, Suite 200
        New York, New York 10007

by hand delivery.

                                      _____
                                      Timothy Clancy

Sworn to before me this
7th day of November, 2007

_Patricia J. Kehlenbeck_
      Notary Public

   PATRICIA J. KEHLENBECK
  Notary Public, State of New York
       No. 01KE6037739
    Qualified in Nassau County
Commission Expires February 28, 20 10