Daniel J. Brooks (DB-3136)
SCHNADER HARRISON SEGAL & LEWIS LLP
140 Broadway, Suite 3100
New York, New York 10005-1101
(212) 973-8000
Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
DR. MAC TRUONG,                          :

                Plaintiff,            :          07 Civ. 8085 (SHS)

    -against-                            :

CHARLES SCHWAB & CO., INC.,               :

              Defendant.            :
------------------------------------------------------x

## DECLARATION OF SEAN B. MEEHAN IN OPPOSITION TO PLAINTIFF MAC TRUONG'S MOTION TO REMAND

SEAN B. MEEHAN, under the penalty of perjury, states as follows:

1.      I am Corporate Counsel for the defendant Charles Schwab & Co., Inc. ("Schwab"). I respectfully submit this declaration, made upon personal knowledge, in opposition to the motion of plaintiff Mac Truong to remand this action to the New York State Supreme Court, where it was originally filed prior to being removed to this Court by Schwab.

2.      The basis for removal was diversity of citizenship. The notice of removal was timely filed and alleged, upon information and belief, that plaintiff Mac Truong was a citizen of the State of New Jersey whereas Schwab was a corporation organized under the laws of the State of Delaware and having its principal place of business in the State of California. The notice of removal also alleged that, as stated in the complaint, the amount in controversy exceeded the sum of $75,000, exclusive of interest and costs.

3.      Although Schwab's publicly-traded parent company, The Charles Schwab Corporation, is incorporated under the laws of the State of Delaware, with its principal place of business in the State of California, Schwab (Charles Schwab & Co., Inc., the broker/dealer subsidiary of The Charles Schwab Corporation) is, in fact, a corporation organized and existing under the laws of the State of California (not Delaware, as mistakenly alleged in the notice of removal), and having its principal place of business in the State of California. This inadvertent error in the notice of removal does not destroy the complete diversity of these parties, upon which the removal was properly predicated. Rather, it simply means that, for purposes of diversity jurisdiction, Schwab is exclusively a citizen of the State of California, rather than a dual citizen of the States of Delaware and California.

4.      As demonstrated by the Certificate of Restated Articles of Incorporation, the Restated Articles of Incorporation, and the Certificate of Amendment of Articles of Incorporation of Charles Schwab & Co., Inc. (copies collectively attached hereto as Exhibit A), Schwab is a corporation organized and existing under the laws of the State of California.

5.      Schwab's headquarters and principal place of business are located in San Francisco, California. Schwab's corporate functions are directed from San Francisco by Schwab's senior executives and board of directors. Thus, the location of Schwab's "nerve center," or center of gravity, is San Francisco. In addition, California is the state in which Schwab has its most extensive contacts with, and greatest impact upon, the general public.

6.      Schwab's board of directors regularly meets in San Francisco, and it is from San Francisco that the property, business, and affairs of Schwab are managed and directed by the board of directors. The annual meeting of the stockholders of Schwab's parent company,

The Charles Schwab Corporation, takes place in San Francisco. The policies that govern the operation of Schwab's nationwide branch offices, the financial services and products offered by Schwab and the marketing of Schwab's services and products are formulated and set in San Francisco.

      7.    Schwab has branch locations in 45 states, the District of Columbia and Puerto Rico. The three states with the most Schwab branch offices are: California (65 branches); Florida (31 branches); and New York (26 branches). Schwab has 3,781 full time employees in California and 143 full time employees in the State of New York. Thus, although Schwab has significant contacts with the State of New York, its contacts with, and impact upon, the State of California are overwhelmingly greater, clearly justifying the conclusion that Schwab's principal place, or locus, of operations is in California.

      WHEREFORE, it is respectfully requested that Mac Truong's motion to remand be denied and that Schwab be awarded such other and further relief as the Court deems just and proper.

      Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

      Executed on November 6, 2007, at San Francisco, California.


_____
SEAN B. MEEHAN

Exhibit A

A230005          $621089$



FILED
In the office of the Secretary of State
of the State of California
MAR 4 1981
MARCH FONG EU, Secretary of State
By _____
Deputy

## CERTIFICATE OF RESTATED ARTICLES OF
## INCORPORATION OF CHARLES SCHWAB & CO., INC.

William L. Pearson and Barbara L. Ahmajan certify that:

1.    They are the Executive Vice President and Secretary, respectively. of Charles Schwab & Co., Inc., a California corporation.

2.    The Board of Directors of the corporation has approved the Restated Articles of Incorporation attached hereto and incorporated by reference.

3.    The Restated Articles of Incorporation were approved by the required vote of shareholders in accordance with Section 902 of the California Corporations Code.  The total number of outstanding shares entitled to vote with re-spect to the amendment was 4,050,298.  The favorable vote of a majority of such shares is required to approve the amendment, and the number of such shares voting in favor of the amendment exceeded the required vote.

_____
William L. Pearson


_____
Barbara L. Ahmajan


[corporate seal]

RESTATED ARTICLES OF INCORPORATION

OF

CHARLES SCHWAB & CO., INC.

1.    The name of the corporation is Charles Schwab & Co., Inc.

2.    The purpose of the corporation is to engage in any lawful act or activity for which a corporation may be organized under the General Corporation Law of California other than the banking business, the trust company business, or the practice of a profession permitted to be incorporated by the California Corporations Code.

3.    This corporation shall be governed by all of the provisions of the new law, as that term is defined in section 2300 of the California Corporations Code, not otherwise applicable to it under Chapter 23 of the Code.

4.    (a)  The corporation is authorized to issue two classes of shares to be designated "preferred" and "common" and herein referred to as "preferred shares" or "preferred stock" and "common shares" or "common stock," respectively.  The total number of preferred shares authorized is three million (3,000,000) shares, and the total number of common shares authorized is seven million (7,000,000) shares.  Each share of preferred stock shall have a par value of ten cents ($0.10); and each share of common stock shall have a par value of ten cents ($0.10).

(b)  The preferred shares authorized by these Articles of Incorporation may be issued from time to time in one or more series.  The board of directors of the corporation is hereby authorized to fix the number of shares, and determine the designation, of each series of preferred shares and may determine or alter the rights, preferences, privileges and restrictions granted to or imposed on any wholly unissued series of preferred shares, including, without limitation, the dividend rights, dividend rate, conversion rights, voting rights, rights and terms of redemption (including sinking fund provisions), redemption price or prices, and liquidation preferences.  As to any series the number of which is fixed by the board of directors as authorized herein, the board of directors may, within any limit and restriction stated in the resolution or resolutions of the board of directors originally fixing the number of shares constituting any series, increase or decrease (but not below the number of shares of such series then outstanding), the number of shares of any such series subsequent to the issue of shares of that series.  In case the number of shares of any series shall be so decreased, the shares constituting the decrease shall resume the status which they had prior to the adoption of

Charles Schwab & Co., Inc.
Restated Articles of Incorporation                    Page two

the resolution originally fixing the number of shares of that series.

     5.  No dividends shall be declared or paid which shall impair the capital of the corporation nor shall any distribution of assets be made to any shareholder unless the value of the assets of the corporation remaining after such payment or distribution is at least equal to the aggregate of its debts and liabilities, including capital.

     6.  The corporation is authorized to redeem or con-vert to a fixed income security all or any part of the outstand-ing shares of voting stock of the corporation owned by any person required to be approved by the Board of Directors of The New York Stock Exchange, Inc., as a member, allied member or approved person who fails or ceases to be so approved as may be necessary to reduce such person's ownership of voting stock in the corporation below that level which enables such person to exercise controlling influence over the management or policies of the corporation.  The corporation shall have the option to determine whether such person's shares shall be redeemed or converted to a fixed income security.  For purposes of redemption or conversion to a fixed income security the shares of voting stock shall be valued at their fair market value.  If the cor-poration and the shareholder cannot agree on the fair market value of shares to be redeemed and/or the terms and conditions of the fixed income security into which the shares of voting stock are to be converted, the matter shall be submitted to arbitration and the decision of the arbitrator shall be final and binding on the corporation and the shareholder.

     Dated:  March 2, 1981.

     I declare that the foregoing form of Restated Articles of Incorporation is the form that has been approved by the board of directors of this corporation.

                                    Barbara Ahmajan,
                                    Corporate Secretary

A360293

ENDORSED
FILED
in the office of the Secretary of State
of the State of California

CERTIFICATE OF AMENDMENT
OF
ARTICLES OF INCORPORATION
OF
CHARLES SCHWAB & CO., INC.

NOV  7 1988

MARCH FONG EU, Secretary of State

Charles R. Schwab and Charmel Huffman certify that:

1.    They are the Chairman of the Board and Assistant Secretary, respectively, of Charles Schwab & Co., Inc., a California corporation (this "Corporation").

2.    Article 7 shall be added to this Corporation's Articles of Incorporation to read in its entirety as follows:

"7.  The liability of the directors of this corporation for monetary damages shall be eliminated to the fullest extent permissible under California law."

3.    Article 8 shall be added to this Corporation's Articles of Incorporation to read in its entirety as follows:

"8.  This corporation is authorized to provide indemnification of agents (as defined in Section 317 of the California General Corporation Law) through bylaw provisions, agreements with agents, vote of shareholders or disinterested directors or otherwise, in excess of the indemnification otherwise permitted by Section 317 of the California General Corporation Law, subject only to the applicable limits set forth in Section 204 of the California General Corporation Law with respect to actions for breach of duty to this corporation and its shareholders."

4.    The foregoing amendment of Articles of Incorporation has been duly approved by the Board of Directors.

5.    The foregoing amendment of Articles of Incorporation has been duly approved by the required vote of shareholders in accordance with Section 902 of the Corporations Code.  The total number of outstanding shares of the Corporation is 4,050,296.  The number of shares voting in favor of the amendment equaled or exceeded the vote required.  The percentage vote required was more than 50%.

Each of the undersigned declares under penalty of
perjury under laws of the State of California that the
matters set forth in this certificate are true and correct
to his and her own knowledge.

Dated: __October 26, 1988__

Charles R. Schwab
Chairman of the Board

Charmel Huffman
Assistant Secretary

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                          ) ss.:
COUNTY OF NEW YORK   )

      Timothy Clancy, being duly sworn, deposes and says, deponent is not a party to this

action, is over eighteen (18) years of age and resides in Monmouth County, New Jersey.  That on

the 7th day of November, 2007, deponent served the attached DECLARATION OF SEAN B.

MEEHAN IN OPPOSITION TO PLAINTIFF MAC TRUONG'S MOTION TO REMAND

upon:

                        Mac Truong
                        325 Broadway, Suite 200
                        New York, New York 10007

by hand delivery.

                                    Timothy Clancy

Sworn to before me this
7th day of November, 2007

*Patricia J. Kehlenbeck*
     Notary Public

    PATRICIA J. KEHLENBECK
  Notary Public, State of New York
       No. 01KE6037739
    Qualified in Nassau County
Commission Expires February 28, 20 _10_