Exhibit B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
DR. MAC TRUONG                                    :

                    Plaintiff                      :

                                                   :          Index No. 604650/97
             against                               :          IAS Part 3
                                                   :          (Hon. Barry A. Cozier)
CHARLES SCHWAB                                     :
Member: SIPC/N.Y. STOCK EXCHANGE                   :
                                                   :
                    Defendant                      :
-----------------------------------------------------------------X
CHARLES SCHWAB & CO., INC.,                        :

             Defendant and Third-Party             :
             Interpleading Plaintiff,              :

                                                   :
             -against-                             :

                                                   :
TRAN DINH TRUONG, VISHIPCO LINES,                  :
and DAI NAM HANG HAI CONGTY VISHIPCO               :
LINE OF VIETNAM,                                   :
                                                   :

                    Third-Party                    :
                    Interpleaded Defendants.       :
-----------------------------------------------------------------X

## STIPULATION AND ORDER CONCERNING
## CERTAIN RESTRAINED ACCOUNTS
## <u>HELD BY CHARLES SCHWAB & CO., INC.</u>

**WHEREAS,** on June 18, 1998, this Court (Hon. Barry A. Cozier) issued a

memorandum decision and order (the "June 18, 1998 Order") among other things : (1) granting

the motion of defendant and third-party interpleading plaintiff Charles Schwab & Co., Inc.

("Schwab") for summary judgment; (2) dismissing all claims and counterclaims against Schwab;

(3) discharging Schwab as stakeholder and awarding Schwab its costs under CPLR 1006(f); and

(4) directing Schwab to retain possession of certain interpleaded assets for a period not to exceed sixty days from the date of entry of the June 18, 1998 Order; and

WHEREAS plaintiff Mac Truong ("Mac Truong") and third party interpleaded defendants Tran Dinh Truong, Vishipco Lines, and Dai Nam Hang Hai Congty Vishipco Line of Vietnam (the "Tran Truong Defendants"), who have been unable to agree upon a third-party who is willing to accept custody of the interpleaded assets, desire that the interpleaded assets not be deposited into the Court and instead have requested that Schwab maintain custody of the disputed assets in their current accounts pending final determination of the captioned action;

IT IS HEREBY STIPULATED AND AGREED, by and between plaintiff *pro se* Dr. Mac Truong and the undersigned attorneys of record for Schwab and the Tran Truong Defendants, that:

1.    For the purposes of this stipulation and order, "Schwab" shall mean Charles Schwab & Co., Inc., The Charles Schwab Corporation, e.Schwab, Charles R. Schwab, the individual, and any employee, agent, affiliate, subsidiary, officer, director, attorney, or representative of any of the above.

2.    The disputed assets, which are currently held in seven Schwab accounts, numbered 9090-7712 (Vishipco Lines), 2664-3974 (Dai Nam Hang), 8932-5532 (Mac Truong), 8932-5539 (Mac Truong IRA), 8932-5542 (joint account with Maryse Mac Truong), 5816-3378 (custodial account for Thulinh Mac Truong), and 5816-3382 (custodial account for Hugh Mac Truong) (collectively the "Restrained Accounts"), shall remain in the Restrained Accounts until such time as the Court orders otherwise.

3.    Schwab shall take all reasonable steps necessary to restrict the Restrained Accounts in order to prevent transfers from and unauthorized trading in the Restrained Accounts

until such time as the Court orders otherwise. Schwab shall continue to reinvest any dividends paid and interest earned in the Restrained Accounts under the standing instructions currently in place relating to each of the Restrained Accounts.

4.    Plaintiff Mac Truong shall continue to have the right to invest or reinvest the assets in accounts 8932-5532 (Mac Truong), 8932-5539 (Mac Truong IRA), 8932-5542 (joint account with Maryse Mac Truong), 5816-3378 (custodial account for Thulinh Mac Truong), and 5816-3382 (custodial account for Hugh Mac Truong) (collectively the "Mac Truong Personal Accounts") in any Schwab money fund. Any instruction to make any such investment or reinvestment in the Mac Truong Personal Accounts shall be made by Mac Truong in writing and shall be delivered to Schwab care of its undersigned attorneys. Schwab shall take all reasonable steps necessary to execute any such instruction within three business days.

5.    Except as specified in paragraph 4 above, neither Mac Truong nor the Tran Truong Defendants (nor their agents, attorneys, or persons controlled by them) shall contact, correspond, or otherwise communicate with Schwab or any other broker or financial institution in an attempt to cause any transaction (including any order to transfer, purchase, or sell any asset) in any of the Restrained Accounts, without first obtaining an order from this Court or any other court of competent jurisdiction and providing a copy of that order to Schwab's undersigned attorneys.

6.    Mac Truong shall indemnify Schwab against any liability and hold Schwab harmless from and pay any loss, damage, cost, and expense (including legal fees and disbursements) that Schwab incurs arising out of any violation or breach of paragraph 5 of this stipulation and order by him.

7.      The Tran Truong Defendants shall indemnify Schwab against any liability and hold Schwab harmless from and pay any loss, damage, cost, and expense (including legal fees and disbursements) that Schwab incurs arising out of any violation or breach of paragraph 5 of this stipulation and order by any one of them.

8.      Plaintiff Mac Truong and the attorneys of record for Schwab and the Tran Truong Defendants shall, simultaneous with their execution of this stipulation, execute a Stipulation and Order in the form attached hereto as Exhibit A, discontinuing with prejudice Plaintiff Mac Truong's appeal from this Court's June 18, 1998 Order and Memorandum Decision, which Schwab may submit to this Court to be "so ordered" without further notice to any party.

9.      Plaintiff Mac Truong and the attorneys of record for Schwab shall, simultaneous with their execution of this stipulation, execute a Stipulation and Order in the form attached hereto as Exhibit B, dismissing with prejudice as against Schwab an action commenced by Plaintiff Mac Truong in the United States District Court for the Southern District of New York, which Schwab may submit to that court to be "so ordered" without further notice to any party.

10.     Nothing in this stipulation and order shall (a) prohibit Schwab from filing a motion pursuant to CPLR 1006(f) for an order reimbursing it for additional costs and attorney's fees incurred by Schwab in this action since the issuance of the June 18, 1998 Order to be paid out of assets in dispute or (b) prohibit plaintiff Mac Truong or the Tran Truong Defendants from opposing on the merits such motion made by Schwab or from raising, in the context of such opposition, any allegations concerning the manner in which Schwab has handled the Restrained Accounts since August 1995.

11.    Mac Truong and the Tran Truong Defendants hereby waive any claims and causes of action against Schwab from the beginning of time until the date of this Stipulation and Order.

12.    Schwab may submit this stipulation to the Court (Hon. Barry A. Cozier) to be so ordered without further notice to any party.

Dated: New York, New York
       June 11, 1999


**LAYTON BROOKS & HECHT**                    **MAC TRUONG, ESQ.**

By: Eamonn F. Foley                          Plaintiff *Pro Se*
Attorneys for Defendant and                  325 Broadway
   Third-Party Interpleading                 New York, New York
   Plaintiff                                 (212) 566-6000
   Charles Schwab & Co., Inc.
400 Park Avenue, 6th Floor
New York, New York  10022
(212) 980-8500

LEVY BOONSHOFT & LICHTENBERG LLP

By: David M. Levy
Attorneys for Third-Party
Interpleaded Defendants
Tran Dinh Truong, Vishipco
Lines, and Dai Nam Hang Hai
Congty Vishipco Line of
Vietnam
477 Madison Avenue
New York, New York 10022
(212) 751-1414


SO ORDERED:

BARRY A. COZIER, J.S.C.                6/14/99