Exhibit C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:   IAS PART 3

------------------------------------------------------------------x

DR. MAC TRUONG,

                            Plaintiff,

              - against -                     Index No. 604650/97

                                           Sequence Nos. 013 and 017

CHARLES SCHWAB
Member: SIPC, N.Y. STOCK EXCHANGE,

                            Defendant.

------------------------------------------------------------------x

CHARLES SCHWAB & CO., INC.,

                   Defendant and Third-Party
                   Interpleading Plaintiff,

              - against -

TRAN DINH TRUONG, VISHIPCO LINES and
DAI NAM HANG HAI CONGTY VISHIPCO
LINE OF VIETNAM,

              Third-Party Interpleaded Defendants.

------------------------------------------------------------------x

BARRY A. COZIER, J.:

        In motion sequence no. 013, third-party interpleaded defendants, Tran Dinh

Truong, Vishipco Lines and Dai Nam Hang Hai Congty Vishipco Line of Vietnam ("third-party

defendants") move for an order, pursuant to CPLR 3212, granting summary judgment in their

favor against plaintiff dismissing plaintiff's cross-claims against them; and granting the relief

requested in the third-party defendants' cross-claims against plaintiff, including, *inter alia*, an

order declaring the third-party defendants to be the lawful owner of the interpleaded assets and

directing that those assets be released to them.

Plaintiff Dr. Mac Truong ("Truong") cross-moves for an order seeking various forms of relief, including, *inter alia*: (1) denying third-party defendants' motion for summary judgment in its entirety; (2) pursuant to CPLR 3025(b) or (c), granting plaintiff leave to serve his Amended Cross-Claims and Second Amended Answer to Third-Party Interpleaded Defendants Cross-Claims against plaintiff; (3) pursuant to CPLR 3211(a)(7) and/or (a)(3), dismissing the cross-claims asserted against him upon the grounds that they fail to state a cause of action and third-party defendants failure to comply with Business Corporation Law ("BCL") §1312(a); or (4) pursuant to CPLR 3211 (a)(4), dismissing the cross-claims asserted based upon pendency of another action before the court; (5) pursuant to CPLR 3211(b), dismissing third-party defendants' affirmative defenses to plaintiff's cross-claims; (6) pursuant to CPLR 3212, granting summary judgment to plaintiff on his "original" cross-claims against third-party defendants; and (7) imposing sanctions against third-party defendant Tran Dinh Truong ("Tran") and David Levy, Esq.

In motion sequence no. 017, plaintiff Truong moves separately, by order to show cause, for an order, *inter alia*:

(1) granting plaintiff leave to add an additional argument in support of his cross-motion for summary judgment against third-party intrepleaded defendants;

(2) vacating the Court's order of June 18, 1998, which dismissed plaintiff's complaint against Schwab and released Schwab as a stakeholder from this action;

(3) granting leave to plaintiff to renew and/or reargue his cross-motion against Schwab for summary judgment (submitted February 25, 1998);

(4) granting leave to plaintiff to renew and/or reargue his motion to disqualify

2

David M. Levy and his firm as attorneys for third-party interpleaded defendants, which was

denied by the Court by order dated August 24, 1998;

      (5) granting plaintiff's cross-motion against Schwab to the extent of finding it

liable to plaintiff for the causes of action asserted in the complaint; or granting said cross-motion

in part and referring the remaining issues to a Special Referee to hear and report; and

      (6) granting plaintiff's motion to disqualify David M. Levy and his firm from

representing third-party interpleaded corporate defendants, as well as Vitranschart and/or the

Government of Vietnam; and referring the issue of sanctions and damages caused to plaintiff to a

Special Referee to hear and report.

## BACKGROUND

      The underlying facts have been summarized in prior decisions of the Court. *See,*

Decisions and Orders dated November 17, 1997 (Lewis R. Friedman, J.) and June 18, 1998.

Plaintiff commenced this action against defendant Schwab on September 10, 1997, and filed an

amended complaint on October 4, 1997, seeking damages incurred as a result of Schwab's

denying him access to the funds in the corporate and personal accounts.  Schwab filed an

interpleader naming Tran and the corporations as third-party defendants.  Thereafter, Tran

asserted cross-claims against plaintiff including breach of fiduciary duty, breach of contract,

conversion, and interposed a counterclaim against Schwab for negligence.   Plaintiff asserted

cross-claims against the third-party defendants.  On February 13, 1998, plaintiff filed a separate

action against Elaine Nguyen, Sang Kim Nguyen, Hung Thi Nguyenh (the "Nguyen defendants")

and Tran for fraud and conversion. *See, Truong v. Nguyen et al.,* New York County, Index No.

102512/98 ("Action No. 2").

3

Plaintiff and third-party defendants each sought to restrain the accounts of the other, all of which were maintained by defendant Charles Schwab ("Schwab"). In an interim order dated September 12, 1997, and amended on September 26, 1997 (the "September Order"), the Court restrained the corporate accounts and plaintiff's personal accounts, respectively, pending further order of the Court.

Subsequently, plaintiff moved for summary judgment and to vacate the September Order, seeking the release of the funds transferred into his personal accounts. Third-party defendants also moved for summary judgment dismissing plaintiff's cross-claims. By Decision and Order dated November 17, 1997 (the "November Order"), Justice Friedman denied said motions. Thereafter, plaintiff moved by order to show cause for contempt sanctions against Tran, to renew his motion for summary judgment and to limit and/or stay discovery. By Decision and Order dated February 5, 1998, the Court (Friedman, J.) denied all of plaintiff's requested relief.

By Decision and Order dated June 18, 1998 (the "June Order"), the Court granted Schwab's motion for summary judgment (sequence no. 009) dismissing all claims against it and directed that the "interpleaded assets" be transferred to a suitable repository. Further, the Court granted Schwab's motion for summary judgment dismissing third-party defendants' cross-claims alleging negligence. The cross-claim alleged that Schwab was negligent in permitting plaintiff to open corporate accounts, and to transfer the sum of $345,908 from the corporate account(s) to his personal account. Based upon the dismissal of plaintiff's cross-claim, Schwab's motion to be discharged as stockholder was granted, as was Schwab's application for reimbursement of costs, disbursements and attorneys' fee in the sum of $36,027.50 (charged against the interpleaded

4

assets). In addition, plaintiff's cross-motion for summary judgment in his favor and directing Schwab to remit the interpleaded assets to plaintiff's account was denied. The Court denied plaintiff's separate motion (sequence no. 010) for relief from the September Order by maintaining the restraint imposed upon Truong's personal accounts at Schwab to the extent of $450,000, and granted the motion in part lifting the restraint for the balance in excess of $450,000 in said accounts. Thereafter, by order dated July 24, 1998, amending the June Order, plaintiff's motion for an order lifting the restriction on access to funds in his personal accounts at Schwab, was granted only to the extent of authorizing Schwab's release to plaintiff of sums in excess of $650,000.

In motion sequence no. 012, plaintiff moved for an order to disqualify David Levy, Esq. and Levy Boonshoft & Lichtenberg, LLP, as counsel for third-party corporate defendants, and directing Schwab to implead the Government of Vietnam, upon the ground that third-party corporate defendants never retained the Levy firm to represent them in this or any related action. By Decision and Order dated August 13, 1998, the Court denied plaintiff's motion in its entirety, finding that plaintiff had "failed to offer any evidence of a conflict of interest allegedly existing among Tran, Vishipco and the Government of Vietnam, a non-party, that would require disqualification of the law firm."

By order dated August 19, 1998, the Court denied plaintiff's motion (sequence no. 014) to stay the within action based upon plaintiff's filing of a related action in the U.S. District Court for the Southern District of New York, and upon the failure of third-party defendants to comply with alleged U.S. Treasury licenses issued to plaintiff. Subsequently, by order dated October 5, 1998, the Court granted the motion by Harry Fractenberg, Esq., to be relieved as

5

counsel for plaintiff Truong, and permitted plaintiff, an attorney admitted to the New York State

bar, to appear *pro se* (motion sequence no. 015). By order dated November 2, 1998 (sequence

no. 016), the Court denied the *pro se* motion of plaintiff seeking, *inter alia*, to stay this action;

said motion sought substantially the same relief previously requested and denied in motion

sequence no. 014.

      Thereafter, in motion sequence no. 011, plaintiff moved in the within action for an

order: (1) pursuant to CPLR 3025(b) or (c), granting leave to serve amended cross-claims and a

second amended answer to third-party defendants' cross-claims; (2) pursuant to CPLR

3211(a)(7) and (a)(3), dismissing third-party defendants' cross-claims on grounds of failure to

state a cause of action and lack of legal capacity to sue; or alternatively, (3) pursuant to CPLR

3211(a)(4), dismissing third-party defendants' cross-claims upon the ground that another action

is pending in this Court (to wit, Action No.2); (4) pursuant to CPLR 3211(b), striking third-party

defendants' affirmative defenses; and (5) pursuant to CPLR 3124, precluding Tran from

obtaining any discovery of plaintiff's documents unless Tran first establishes that third-party

defendant Vishipco Lines is a lawful corporation of Vietnam, and that Tran was the sole owner

of the corporation.

      Third-party defendants' cross-moved for an order, pursuant to CPLR 602(b),

consolidating Action No. 2 under New York County Index No. 604650/97 with this action; and,

pursuant to 22 NYCRR 130, granting them sanctions and costs against plaintiff.

      Contemporaneous with the filing of motion sequence no. 011, plaintiff also

moved in Action No. 2 (motion sequence no. 001), for an order: (i) pursuant to CPLR 3025(a),

(b) or (c), granting him leave to serve a second amended complaint; (ii) pursuant to CPLR

3211(a)(7) and (a)(3), dismissing defendant's affirmative defenses; or alternatively, (iii) pursuant to CPLR 3212(b), granting plaintiff summary judgment; and (iv) pursuant to CPLR 3012(d), deeming plaintiffs' verified answer to have been properly served and filed. Defendants cross-moved for consolidation of Actions No. 1 and No. 2, and for imposition of sanctions and costs upon plaintiff.

By Decision and Order dated April 6, 1999 (the "Consolidated Order"), the Court, in consolidating the disposition of the aforesaid motions in Actions No. 1 and No. 2, ruled as follows: (1) in Action No. 1, granted plaintiff leave to serve a second amended answer to the cross-claims asserted by third-party defendants, deeming both amended answers to be a single amended answer; (2) in Action No. 1, denying plaintiff's motion to dismiss the cross-claims on grounds of failure to state causes of action, incapacity to sue or pendency of another action; (3) granting third-party defendant's cross-motion consolidating Action No. 1 with Action No. 2 for joint trial based on the existence of common questions of fact and law and substantial identity of parties; (4) granting plaintiff's motion to strike the affirmative defenses in Action No. 2; (5) denying plaintiff's motion for partial summary judgment on the first cause of action in Action No. 2 alleging conversion; (6) granting defendants' cross-motion deeming their amended answer to be properly filed and served in Action No. 2; and (7) granting that branch of third-party defendants' cross-motion in Action No. 1, imposing sanctions and costs against plaintiff in the sum of $2,000.

In imposing the aforementioned sanctions upon plaintiff pursuant to 22 N.Y.C.R.R. 130-1.1, the Court found, *inter alia*:

The Court notes that plaintiff has made multiple motions attempting to relitigate

7

matters already adjudicated by the Court in Action No. 1. Indeed, at various points in the litigation, the Court found it necessary to admonish plaintiff regarding the proliferation of duplicative and unnecessary motions. The Court is persuaded that plaintiff has engaged in frivolous conduct by making the instant motions challenging the standing and/or capacity of third-party defendants to sue in Action No. 1, inasmuch as the Court has previously ruled on that very issue when plaintiff sought to challenge the standing of third-party defendants in Action No. 1 in prior motion seq. nos. 009, 012 and 014. (citations omitted) That portion of the instant motion challenging the capacity of third-party defendants to maintain suit is no more than a frivolous attempt to relitigate an issue already adjudicated by the Court.

Decision and Order dated April 6, 1999, at p. 6.

Pursuant to a Stipulation and Order dated June 14, 1999, motions by Schwab (sequence no. 019) and by third-party defendants (seq. no. 020) seeking to clarify the order dated June 24, 1998, were denied as moot. Said Stipulation provides in relevant part, that: (a) the disputed assets currently maintained in seven Schwab accounts shall remain in the Restrained Accounts pending further order of this Court; (b) plaintiff Truong shall have the right to invest or reinvest the assets in the four Truong personal accounts in any Schwab money fund upon written instructions from Truong to Schwab's attorneys; (c) neither plaintiff nor third-party defendants or their agents shall contact, correspond or otherwise communicate with Schwab, or any other broker or financial institution, in an attempt to cause any transfer, purchase or sale of any asset in the Restrained Accounts, without first obtaining an order from this Court or another court of competent jurisdiction; (d) plaintiff and third-party defendants agree to indemnify Schwab against any liability from any loss, damage, cost and expense that Schwab may incur arising out of any violation or breach of the foregoing provision; and (e) plaintiff and Schwab's attorneys agreed to simultaneously execute a Stipulation and Order dismissing with prejudice an action

8

commenced by plaintiff against Schwab in the U.S. District Court for the Southern District of New York.

In motion sequence no. 021, plaintiff moved to vacate that branch of the Court's Consolidated Order (April 6, 1999), which sanctioned plaintiff and sought an award of costs to plaintiff against third-party defendants for their refusal to consent to a vacatur of the sanctions award. By order dated June 16, 1999, the Court deemed plaintiff's motion as one for reargument (CPLR 2221) and denied the motion in its entirety, noting that the subject motion was yet "another attempt by plaintiff to relitigate the very issues that have already been decided."

## FACTUAL ALLEGATIONS

The within motion by third-party defendants for summary judgment dismissing plaintiff's cross-claims is supported by the affidavit of Tran, who alleges that he is the majority shareholder and "controlling principal" of Vishipco and Dai Nam. Tran asserts that he was given the authority to act on behalf of each company with full power in its management and operation. According to Tran, each individual corporation owned different assets and each operated under the Vishipco trademark and together they were considered as one entity for all business and financial purposes, including banking. Tran was the authorized representatives of all ten (10) corporations and maintained powers of attorney for eight of the ten, having misplaced powers for the remaining two. *See* Ex. D to Tran. Aff. Tran alleges that plaintiff has always treated the corporations as if they were one – Vishipco Lines. *See*, Ex. E to Tran. Aff.

Moreover, Tran maintains that in 1976, he asked plaintiff to help retain counsel to retrieve corporate assets and he engaged plaintiff to assist in the recovery of Vishipco assets, including bank accounts then held by Chase Bank. *See*, Ex. F to Tran Aff. (written "Agency

Agreement," dated January 13, 1977, amended February 20, 1977). According to Tran, in the November Order, Justice Friedman held that plaintiff was purely an agent of Vishipco who could have been and was discharged by his principal and, therefore, the agency relationship between plaintiff and third-party defendants is law of the case. Further, Tran asserts that plaintiff, while disputing third-party defendants' entitlement to funds in the Vishipco and Dai Nam accounts maintained at Schwab, does not dispute that monies originally deposited were collected by him on behalf of the Vishipco companies. See, Tran Aff., at p. 8. Consequently, Tran contends that the Schwab Restrained Accounts contain funds originally recovered by plaintiff, together with all accretions, dividends and interest.

Third-party defendants argue that the interpleaded funds, consisting of the funds transferred by Truong and the Vishipco corporate funds, "belong to third-party defendants since Truong's actions constitute a material breach of his fiduciary duties as agent and, as a matter of law, subject him to forfeiture of any commissions which he would otherwise earn under his agency agreement." Memo of Law in Support of Third-Party Defendants' Motion for Summary Judgment, at p. 2-3. First, third-party defendants assert that Truong's authority as agent to act on behalf of and for the benefit of Tran and Vishipco, and his entitlement (if any), to a portion of the interpleaded assets arise from the Agency Agreement and the powers of attorney. Second, the Court (Friedman, J.) has already ruled that Truong was simply an agent at the will of third-party defendants and the agency was properly terminated in August 1997.

Third, third-party defendants contend that while Truong collected the settlements which form the principal of the Vishipco funds from 1977, they were unavailable for distribution to Vishipco until March 1995 when they were unblocked by the U.S. Government. Thus, once

10

the funds were available for distribution, plaintiff had a duty to deliver them to the principal on demand or within a reasonable time. Further, Truong, as agent and a fiduciary, has an absolute duty to provide third-party defendants with an accounting of all transactions and monies collected under the Agency Agreement. Further, third-party defendants maintain that since Tran refused to execute the release forms prepared by Truong for his release and discharge as agent, Truong refused to relinquish control over the Vishipco funds. Thereafter, based on Merrill Lynch's refusal to permit Truong to pay commissions to himself as he requested in April, 1995, Truong transferred the Vishipco funds to Charles Schwab in August 1995. Tran asserts that in violation of his fiduciary duties as agent, Truong then transferred the approximate sum of $345,000 from the Vishipco accounts into his own personal accounts at Schwab, thereby converting the principal's property. *See*, Third-Party Defendant's Memo of Law, *supra*, at p. 13-14.

Fourth, third-party defendants argue that, as a matter of law, Truong's willful and deliberate misconduct as agent warrant strict application of New York's forfeiture doctrine which mandates Truong's forfeiture of all compensations, including commissions, based upon his breach of his duty of fidelity to his principal. Fifth, movants assert that Truong should be precluded from asserting the rights of non-party Vietnamese entities since: (1) Truong lacks standing to assert the rights of non-parties; (2) Truong is estopped from asserting issues relating to Sovosco's ownership of the interpleaded assets because the issue was previously litigated by him in a prior action; and (3) Truong's evidence relating to Sovosco's ownership of the interpleaded assets is illusory and fails to raise a genuine issue of material fact.

Finally, third-party defendants contend that plaintiff's cross-claims must be

dismissed, as they mirror the counterclaims made by plaintiff against Schwab based upon the same facts alleged in that pleading. Those counterclaims were dismissed by the Court in its June Order and third-party defendants assert that disposition of said counterclaims constitutes law of the case with respect to plaintiff's cross-claims herein, based upon the identity of issues and common facts." Third-party Defendants' Memo of Law, *supra*, at p. 21-22. The cross-claims asserted by plaintiff allege causes of action for: (1) conversion; (2) deceitful and fraudulent acts; (3) fraud, libel and slander; (4) breach of contract; (5) right to privacy; (6) material misrepresentation in the course of this litigation; (7) abuse of power; (8) emotional distress; (9) conspiracy; and (10) loss of time and legal fees. *See*, Third-Party Defendants Verified Answer To Interpleader Complaint and Counterclaims and Cross-Claims (October 9, 1997).

Plaintiff's opposition to third-party defendant's motion for summary judgment and in support of plaintiff's cross-motion dismissing the third-party defendants' defenses and granting plaintiff summary judgment, is set forth in the unauthorized 60 page affirmation of Harry Fractenberg, Esq., dated July 23, 1998, and the unauthorized 40 page affidavit of plaintiff Truong, dated July 17, 1998. Plaintiff contends that third-party defendants' motion raises triable issues of fact, while plaintiff's cross-motion is supported by documentary evidence. Initially, plaintiff asserts that Tran is neither President nor an owner of Vishipco Lines and, therefore, not entitled to possess or control its assets. Plaintiff claims that even the "true owner(s) of Vishipco Lines companies, whether the Government of Vietnam or other entities, does not own plaintiff's Vishipco assets at Schwab" that plaintiff earned over a 20 year period at his own risk and expenses. According to plaintiff, the true owner of Vishipco Lines had a claim for only 50% of the original proceeds (i.e. $170,586.47) of plaintiff's Vishipco assets at Schwab, plus reasonable

interest for blocked accounts (@ 1.356% per annum) from March 12, 1986 to March 7, 1995.

Plaintiff's claim is based upon License No. 73-91289, dated March 12, 1986, issued by the U.S.

Treasury Department, Office of Foreign Assets Control, which, *inter alia*, allegedly "approved

retroactively to January 13, 1977 the assignment by [Tran], President of Vishipco Line, of a 50%

interest in the settlement proceeds to [Truong]." *See*, Exh. 8 to Notice of Cross-Motion.

Plaintiff further contends that Tran's powers of attorney for Vishipco Lines (dated

April, 1975), expired on April 1, 1984 when the election of officers expired and, therefore, the

powers of attorney given to plaintiff by Tran in January and February 1977 also expired on April

1, 1984 – such that plaintiff ceased being an agent of Tran on said expiration date.  Plaintiff

claims that his authority to possess and control all the proceeds of his recoveries on behalf of 10

Vishipco Line companies from 1977 to 1986 was granted in various licenses by the U.S.

Treasury Department.  *See*, Exh. 7, 8 & 23 to Notice of Cross-Motion.  Moreover, under the

March 12, 1986 license, plaintiff alleges that the U.S. Government granted him "title to 50% in

the Vishipco settlement proceeds" and he only had to wait until the U.S. Government lifted the

restriction on the accounts to receive his 50% interest.  Plaintiff argues that said License, which

is permanent, "impleadly acknowledged" his right and duty to distribute the other 50% of the

settlement proceeds to the rightful owner(s) of Vishipco Lines when the U.S. Government

unblocked the accounts.  By license dated December 24, 1986, the U.S. Treasury Department

granted plaintiff a 6-month authorization to transfer the ten (10) blocked accounts held b

Manhattan Bank, N.A. to an omnibus blocked interest bearing account at Merrill Lynch under

the Vishipco Lines common name, on the condition that the title of the account include the name

of each (Vishipco) company that is the ultimate beneficiary of the blocked funds.  *See*, Exh. E to

13

Third-Party Defendant's Motion for Summary Judgment.

Plaintiff asserts that, pursuant to the U.S. Treasury Department licenses, he had no authority to distribute the share of the assets belonging to Vishipco Lines to Tran personally, absent Tran's proving his entitlement to such funds and signing a release in favor of plaintiff. Further, plaintiff argues that upon expiration of Tran's powers of attorney for Vishipco Lines on March 31, 1984, plaintiff's authority to possess and control the assets did not rely on Tran's authority over the companies. As a result, plaintiff contends that after March 12, 1986, he was licensed to hold, subject to a claim on behalf of the true owners of Vishipco Lines or their successors, the total sum of $192,570.46, which consisted of the principal amount of $170,586.47 and interest of $21,983.99 from March 12, 1986 through March 7, 1995. Alternatively, plaintiff asserts that even the Government of Vietnam, as the rightful owner of Vishipco Lines since 1975, does not have a claim against him for more than $192,570.46 from the blocked assets. Accordingly, plaintiff argues that since Tran has failed to sustain his burden of proving that he is actually the President and owner of "virtually each share of the Vishipco Lines companies," third-party defendants' motion for summary judgment must be denied and plaintiff's cross-motion granted.

## DISCUSSION

A.    **Plaintiff's Motion and Cross-Motion**

1.    Re-argument/Renewal

It is well-settled that:

A motion for reargument, addressed to the discretion of the court, is designed to afford a party an opportunity to establish that the court overlooked or misapprehended the relevant facts, or misapplied any controlling principle of law.

14

> Its purpose is not to serve as a vehicle to permit the unsuccessful party to argue
> once again the very questions previously decided. Nor does reargument serve to
> provide a party an opportunity to advance arguments different from those
> tendered on the original application. *Foley v. Roche*, 68 A.D.2d 558, 567-68 (1st
> Dept. 1979) (citations omitted).

Further, a motion for renewal must be predicated on new and relevant facts and evidence not available prior to the court's decision. *In re State Farm Mutual Auto Ins., v. Barbera*, 161 A.D.2d 599 (2nd Dept. 1990 (motion for renewal must be denied where the new facts alleged in support of motion are not relevant or material).

Those branches of plaintiff's motion seeking to vacate the June Order granting Schwab's motion for summary judgment, and granting plaintiff leave to renew and/or reargue his cross-motion for summary judgment against Schwab, must be denied. These applications represent yet another attempt by plaintiff to relitigate issues previously adjudicated. Similarly, those branches of plaintiff's motion seeking leave to renew and/or reargue his motion to disqualify David M. Levy, Esq. and his firm from representing the third-party defendants are denied for the same reasons.

Inasmuch as the Court, in its Consolidated Order (April 6, 1999), granted plaintiff leave to serve a second amended answer to the cross-claims asserted by the third-party defendants, that branch of plaintiff's instant cross-motion seeking the same relief is denied as moot. Likewise, that branch of plaintiff's cross-motion requesting dismissal of the third-party defendants' cross-claims based upon the pendency of another action, must be denied as moot under the Consolidated Order.

## 2. Law of the Case

Moreover, those branches of plaintiff's cross-motion seeking dismissal of the

cross-claims asserted against him on grounds of failure to state causes of action, incapacity to sue and pendency of another action are barred by the law of the case doctrine, since the precise issues were argued and decided in the Consolidated Order. *See*, Consolidated Order, at p. 4-5. That doctrine is a rule of practice which provides that once an issue is judicially determined, it is not to be reconsidered by judges and courts of coordinate jurisdiction in the course of the same litigation. *Martin v. City of Cohoes*, 37 N.Y.2d 162, 165 (1975); *Holloway v. Cha Cha Laundry, Inc.*, 97 A.D.2d 385, 386 (1st Dept. 1983). The doctrine is particularly applicable to the instant circumstances, where plaintiff has deluged the Court with repetitive and wasteful motions – none of which are predicated upon any new evidence since the Court's initial rulings. *See*, *Id.* at 386; *Leventritt v. Eckstein*, 206 A.D.2d 313, 314 (1st Dept. 1994).

B.    **Summary Judgment Dismissal**

Summary judgment may be granted only when it is clear that no triable issue of fact exists. *Alvarez v. Prospect Hosp.*, 68 N.Y.2d 320, 325 (1986). The moving party bears the burden of making a prima facie showing that he or she is entitled to summary judgment as a matter of law. *Zuckerman v. City of New York*, 49 N.Y.2d 557, 562 (1980); *Friends of Animals, Inc. v. Associated Fur Mfrs., Inc.*, 46 N.Y.2d 1065, 1067 (1979). A failure to make such a prima facie showing requires a denial of the summary judgment motion, regardless of the sufficiency of the opposing papers. *Avotte v. Gervasio*, 81 N.Y.2d 1062, 1063 (1993). If a prima facie showing has been made, the burden shifts to the opposing party to produce evidentiary proof sufficient to establish the existence of material issues of fact. *Alvarez*, *supra*, at 324; *Zuckerman*, *supra*, at 562. Although the papers submitted in support of and in opposition to a summary judgment motion are examined in a light most favorable to the party opposing the motion (*Martin v.*

16

_Briggs_, 235 A.D.2d 192, 196 (1st Dept. 1997)), mere conclusions, unsubstantiated allegations, or

expressions of hope are insufficient to defeat a summary judgement motion. _Zuckerman, supra_,

at 562. Upon the completion of the court's examination of all the documents submitted in

connection with a summary judgment motion, the motion must be denied if there is any doubt as

to the existence of a triable issue. _Rotuba Extruders, Inc. v. Ceppos_, 46 N.Y.2d 223, 231 (1978).

In addition, it is well-settled that a defense based upon documentary evidence can

succeed if the documents resolve all of the factual issues as a matter of law. _Gephardt v. Morgan

Guaranty Trust Co. of N.Y._, 191 A.D.2d 229 (1st Dept.), lv. den. 82 N.Y.2d 656 (1993). "To

warrant dismissal, a defense grounded on documentary evidence must be a complete one, leaving

no genuine triable issues of fact." _Expocorp v. Hyatt Management Corp. of N.Y._, 134 A.D.2d

234 (2nd Dept. 1987).

1.    <u>Conversion</u>

Conversion is the "unauthorized assumption and exercise of the right of

ownership over goods belonging to another to the exclusion of the owner's rights." _Peter Griffin

Woodward, Inc. v. WCSC, Inc._, 88 A.D.2d 883 (1st Dept. 1982). "It need only be shown that a

plaintiff had legal title or an immediate superior right of possession to the identifiable fund and

the exercise by defendants of unauthorized dominion over the money in question to the exclusion

of plaintiff's rights." _Banker Trust Co. v. Cerrato, Sweeney, Cohn_, 187 A.D.2d 384, 385 (1st

Dept. 1992) (citation omitted).

It is undisputed that plaintiff has never asserted any right of ownership in any of

the ten subject Vishipco Lines corporations. It is also undisputed, based upon plaintiff's own

admissions and documentary submissions, that he derived his authority to act on behalf of Tran

17

and the Vishipco entities exclusively from the Agency Agreement and powers of attorney. *See*, Exhs. 5, 7, 8, 9, 23 and 24 to plaintiffs' Notice of Cross-Motion; Exhs. F, G, I, J and L to Third-Party Defendants' Motion for Summary Judgment; and Exhs. A, B and D to the Reply Aff. of Tran Dinh Truong. Notwithstanding, plaintiff alleges that Tran is neither President nor an owner of Vishipco Lines entitled to possess their assets and that the "true owners of Vishipco lines," either the Government of Vietnam or certain Vietnamese successor corporations (non-parties who have never asserted any claim to the interpleaded assets) have or had a claim which is limited to 50% of the original proceeds collected by plaintiff. Ultimately, plaintiff contends that to the extent that the powers of attorney granted to him by Tran expired on April 1, 1985, such that he ceased being Tran's agent as of said date, his authority to possess and control all proceeds of his recoveries for the ten Vishipco Lines corporations from 1977 to 1986 was pursuant to various U.S. Treasury Department licenses. The Court finds that plaintiff's inconsistent and conflicting positions over the course of this litigation fail to raise any material issues of fact requiring a trial.

Plaintiff's assertion that his right to possession of the Vishipco Lines funds results from the Treasury Department's issuance of licenses, is misplaced. *In Kuerschner & Rauchwarenfabrik, A.G. v. New York Trust Co.*, 126 F. Supp. 684, 688 (S.D.N.Y. 1954), the District Court held that:

> [U]nder Section 5 of the Trading With the Enemy Act and General Regulation 12 cited above, a license issued by the Office of Alien Property is not a determination of title to property; it is merely a condition precedent to a transfer of property. From the beginning of the "freezing" controls, no attempt has been made to limit the bringing of suits in the Courts of the United States or of any State to determine title to property which has been frozen.

18

However, a license would have to be secured before payment could be made from accounts which had been frozen.

That the issuance of a license . . . is not a determination of title is borne out by the Regulations and Rulings that set forth the procedure to be followed in connection with an application for the granting of a license for funds in blocked accounts. The procedure is wholly ex parte . . . No question of title to the funds or to the account enters into a consideration of the application; in fact, no procedure is provided whereby a controverted issue of title can be determined in the proceedings. . . . The license is only the permission of the government to effect the transfer of property held in a blocked account and not an order that the property be transferred.

Moreover, the very litigation relied upon by plaintiff in his license applications and which formed the predicate for his recovery of assets on behalf of the various corporate entities, is inopposite to plaintiff's assertions herein. _In Vishipco Line et al. v. Chase Manhattan Bank, N.A._, 660 F.2d 854 (2nd Cir. 1981), Vietnamese corporations and a Vietnamese citizen (to wit, Tran Dinh Truong) brought a breach of contract action against defendant bank which closed its branch in Vietnam following the takeover of the government by communists. The U.S. District Court for the Southern District dismissed plaintiffs' claim and upon appeal, the Court of Appeals reversed. The Court of Appeals found, _inter alia_, that the evidence did not support assertions that the new government of Vietnam succeeded to rights and obligations of the Vietnamese corporate plaintiffs in that plaintiffs no longer existed as independent entities so that they could not sue in their own behalf. The court held that Chase was clearly obligated to pay plaintiff the amounts it owed them, inasmuch as none of its affirmative defenses, including Tran's (third-party defendant herein) lack of standing to represent the corporate plaintiffs in that lawsuit, could be sustained. _Id._, at 856.

19

Specifically, the appeals court in <u>Vishipco Line</u> found that:

> Tran Dinh Truong, who is a major shareholder of most, if not all, of the ten corporate plaintiffs and who represents them here, fled South Vietnam just prior to the Communist takeover . . . Invoking diversity jurisdiction, Truong, acting under his powers of attorney, caused the plaintiffs to bring this action against Chase for breach of contract . . . <u>Id</u>., at 857.

> The record does not support the finding that the Vietnam government became the successor in interest to the corporate plaintiffs. The evidence relied on is merely an announcement that abandoned assets of the maritime corporation had been seized, and that a new state company had been formed to operate them. This is wholly insufficient. There was no evidence that the Vietnamese government stepped into the corporate plaintiffs' shoes or altered in an way their corporate existence. <u>Id</u>., at 862.

## 2.    <u>Breach of Fiduciary Duty</u>

As this Court (Friedman, J.) previously found, plaintiff Truong, was by virtue of the Agency Agreement and the powers of attorney from Tran, an agent at the will of third-party defendant Tran, whose agency was terminated by Tran on August 4, 1997. <u>See</u>, Exh. 19 to plaintiff's Notice of Cross-Motion. Notwithstanding plaintiff's claim herein that, by virtue of the U.S. Treasury Department licenses, "he had control and possession of all said assets, and title to 50% thereof," plaintiff also concedes that "said licenses clearly show original amounts of plaintiff's recovery proceeds" (approximately $340,000). <u>See</u>, Plaintiff's Order To Show Cause dated September 21, 1998, Truong aff., ¶¶ 8 & 9. Because plaintiff had no ownership interest in any of the ten (10) Vishipco Line corporate entities at any time, his interest in any recovery on behalf of such entities was based solely on the Agency Agreement and powers of attorney granted by Tran as a duly authorized representative and shareholder of the corporations. All of

20

the interpleaded funds on deposit in the various Schwab accounts are traceable to the original

recovery proceeds, together with interest, dividends and other accretions.

"A 'fiduciary' is one who transacts business, or who handles money or property,

which 'is not his or for his own benefit, but for the benefit of another person, as to whom he

stands in a relation implying and necessitating great confidence and trust on the one part and a

high degree of good faith on the other part.'" *Board of Managers of the Fairways At North Hills*

*Condominium v. Fairway At North Hills,* 193 A.D.2d 322, 325 (2d Dept. 1993) (citations

omitted). In order to establish a cause of action for breach of fiduciary duty, the following

elements must be set forth: (1) the existence of a fiduciary relationship; (2) a breach of that

relationship; (3) the breaching party's deceitful intent; and (4) that the plaintiff suffered damages

as a result of the breach. *Whitney v. Citibank, N.A.,* F.2d 1106, 1115 (2d Cir. 1986).

The issue before the Court is whether plaintiff's actions in (i) transferring

corporate funds to his personal accounts without consent of his principal, (ii) failing to account to

Tran or the corporations for the interpleaded funds, and (iii) repudiating the Agency Agreement

and validity of the powers of attorney subsequent to recovery of the proceeds and issuance of the

Treasury Department licenses, constitute a breach of his fiduciary duties. On this record, the

Court is constrained to find that plaintiff has acted in bad faith in gross derogation of his

fiduciary duties as agent and attorney-in-fact.

"An agent is charged with a duty of loyalty and may not have interests in the

subject transaction which are adverse to those of his principal. Where a conflict of interest

exists, nothing less than full and complete disclosure is required of the agent." *TPL Assoc. v.*

*Helmsley-Spear, Inc.,* 146 A.D. 2d 468, 470 (1st Dept. 1989). Moreover, it is well settled that an

21

agent who owes a duty of loyalty to a principal" and who is faithless in the performance of his or her services is generally not entitled to recover compensation, whether commissions or salary." *Royal Carbo Corp. v. Flameguard, Inc.*, 229 A.D. 2d 430 (2d Dept. 1996) (citations omitted); *TPL Assoc.*, supra, at 471. Plaintiff Truong should not be rewarded for his unauthorized exercise of dominion and control and assertion of ownership rights over funds of a principal, particularly in view of his unequivocal repudiation of the very agency relationship which forms the basis for an award of commissions.

Finally, "he who comes to equity must come with clean hands." *Amarant v. D'Antonio*, 197 A.D.2d 432, 434 (1st Dept. 1993). The clean hands doctrine was conceived in equity to permit a court to refuse to lend its aid in any manner to a party seeking relief where that party has been guilty of unlawful, unconscionable, or inequitable conduct relating to the relief sought. See, 55 N.Y. Jur.2d, Equity, §118. The doctrine is based on the principle that to grant equitable relief would be to afford comfort and encouragement to a wrongdoer, particularly one measured by the higher standard of undivided loyalty as a fiduciary. *See, Pattison v. Pattison*, 301 N.Y. 65, 72 (1950).

Consequently, the court finds that plaintiff has forfeited his right to compensation, in the form of commissions or otherwise, effective upon his unlawful transfer of corporate funds into his personal accounts in or about August 1995.

3.    Accounting

Based upon the fiduciary relationship between plaintiff and third-party defendant Tran during the term of the Agency Agreement and powers of attorney, third-party defendants' claim for an accounting is sustained. "The right to an accounting is premised upon the existence

22

of a confidential or fiduciary relationship and a breach of the duty imposed by the relationship

respecting property in which the party seeking the accounting has an interest." *Adam v. Cutner*

*& Rathkopf*, 238 A.D.2d 234, 242 (1st Dept. 1997), quoting *Palazzo v. Palazzo*, 121 A.D.2d 261,

265 (1st Dept. 1986).

## CONCLUSION

On the instant record and in accordance with the Court's prior findings set forth in

its June Order (June 18, 1998), the Court grants summary judgment in favor of the third-party

defendants dismissing plaintiff's cross-claims asserted against the third-party defendants for: (1)

conversion; (2) deceitful and fraudulent acts; (3) fraud, libel and slander; (4) breach of contract;

(5) right to privacy; (6) material misrepresentation during litigation; (7) abuse of power; (8)

emotional distress; (9) conspiracy; and (10) loss of time and legal fees.  The Court also grants

summary judgment in favor of the third-party defendants on their cross-claims asserted against

plaintiff for breach of contract, conversion, breach of fiduciary duty and an accounting, and thus

declares the third-party corporate defendants, Vishipco Lines and Dai Nam Hang Congty

Vishipco Line of Vietnam, the lawful owners of the interpleaded assets.

In view of the foregoing, plaintiff's cross-motion for summary judgment on his

cross-claims asserted against the third-party defendants, as well as plaintiff's cross-motion to

dismiss third-party defendants' cross-claims for failure to state a cause of action, are without

merit and must be denied.  Further, that branch of plaintiff's cross-motion seeking dismissal of

the third-party defendants' affirmative defenses to plaintiff's cross-claims, pursuant to CPLR

3211(b), is denied as moot.

Accordingly, it is

ORDERED that the motion by the third-party defendants for summary judgment in their favor on their cross-claims against plaintiff for breach of contract, conversion, breach of fiduciary duty and an accounting is granted; and it is further

ORDERED that third-party corporate defendants, VISHIPCO LINES and DAI NAM HANG CONGTY VISHIPCO LINE OF VIETNAM, are declared the lawful owners of the interpleaded assets; and it is further

ORDERED that the motion by the third-party defendants for summary judgment dismissal of plaintiff's cross-claims asserted against them is granted, and said cross-claims are dismissed with costs and disbursements to said third-party defendants as taxed by the Clerk of the Court upon the submission of an appropriate bill of costs; and it is further

ORDERED that plaintiff's cross-motion for: (1) summary judgment on his cross-claims asserted against the third-party defendants; (2) dismissal of third-party defendants' cross-claims; (3) dismissal of the third-party defendants' affirmative defenses to plaintiff's cross-motion claims; and (4) the imposition of sanctions against Tran and David Levy, Esq., are denied; and it is further

ORDERED that plaintiff's motion (sequence no. 017) is denied in its entirety; and it is further

ORDERED that a long accounting is directed as to the interpleaded funds and transferred funds maintained in accounts at Charles Schwab, including but not limited to:

| Account No. 9090-7712 | - | VISHIPCO LINES |
| Account No. 2664-3974 | - | DAI NAM HANG CONGTY VISHIPCO |

24

LINE OF VIETNAM

Account No. 8932-5532   -    MAC TRUONG

Account No. 8932-5539   -    MAC TRUONG IRA

Account No. 8932-5542   -    MAC TRUONG JOINT WITH MARYSE TRUONG

Account No. 5816-3378   -    Custodial Account for THULINH MAC TRUONG

Account No. 5816-3382   -    Custodial Account for HUGH MAC TRUONG

and it is further

ORDERED that, within 30 days after service of a copy of this order with notice of entry, the plaintiff shall prepare and serve, upon all other parties hereto, a long accounting, with all appropriate schedules attached, for the period commencing January 13, 1977, through the present; and it is further

ORDERED that any formal objections to such accounting shall be served within 30 days after service of a copy of the accounting; and it is further

ORDERED that, pursuant to CPLR 4317(b), the issue of the long accounting is referred for assignment to a Special Referee to hear and determine, including the tracing of funds and computation of principal and interest to be allocated between the two (2) corporate third-party defendants, as well as any surcharges and interest to be charged against plaintiff; and it is further

ORDERED that, no later than the hearing date to be assigned, a copy of the long accounting and any formal objections shall be filed with the Special Referee to whom the long

25

accounting is assigned; and it is further

ORDERED that the branch of third-party defendants' motion seeking release of the interpleaded assets to them is held in abeyance pending the hearing and determination of the Special Referee to whom the long accounting is assigned; and it is further

ORDERED that the Stipulation and Order dated June 14, 1999 between the parties hereto and Charles Schwab, consenting to Schwab's maintenance of the seven (7) restrained accounts, is continued pending further order of the Court; and it is further

ORDERED that counsel shall serve and file a copy of this order with notice of entry on the Clerk of the Judicial Support Office (Room 311) for the purpose of arranging a calendar date for hearing and assignment of this long accounting to a Special Referee for determination; and it is further

ORDERED that the Clerk is directed to enter judgment accordingly.

Dated: April 3, 2000

ENTER

J.S.C.

26