```
SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY: CIVIL TERM:   PART 27
-------------------------------------------X
DR. MAC TRUONG,

                          Plaintiff,

          - against -                    Index No.
                                          604650-97

CHARLES SCHWAB, Member: SIPC/N.Y. STOCK EXCHANGE,

                          Defendant.
-------------------------------------------X
  CHARLES SCHWAB & CO., INC.,,

                      Defendant and Third-Party
                      Interpleading Plaintiff,

          - against -


TRAN DINH TRUONG, VISHIPCO  LINES and
DAI NAM HAG HAI CONGTY VISHHIPCO
LINE OF VIETNAM,

                      Third-Party
                      Interpleaded Defendants.
-------------------------------------------X
        60 Centre Street
        New York, New York  10007
        September 25, 2002

B E F O R E:

          HONORABLE IRA GAMMERMAN,
                  Justice
```

FILED

SEP 2 0 2002

COUNTY CLERK'S OFFICE

APPEARANCES:

    STEVEN A. HERSHKOWITZ, P.C.
    Attorneys for Plaintiff
    350 Broadway
    New York, New York
    BY: STEVEN A. HERSHKOWITZ, ESQ.

    LAYTON BROOKS & HECHT LLP
    Attorneys for Defendant Schwab
    400 Park Avenue
    New York, New York
    BY:  EAMONN F. FOLEY, ESQ.

    LEVY BOONSHOFT & SPINELLI, P.C.
    Attorneys for Third-party interpleaded Defendants
    477 Madison Avenue
    New York, New York
    BY:  DAVID M. LEVY, ESQ.


    JOHN HAIG ANLIAN, ESQ.
    Attorney for Hugh Mac Truong
    187 Anderson Avenue
    Fairview, New Jersey


    RICHARD H. SWEIG, ESQ.
    Attorney for intervenor Viet Nam
    325 Broadway
    New York, New York


                    RICHARD S. FEIS
                 Senior Court Reporter

3

THE COURT: This case is 17084. There's another case 17234 which has been consolidated. The latter case bears Index Number 102512-98. The index number of this case is 604650-97.

There are two matters in this case. The first relates to the cross-claim that is asserted I presume by the government of Viet Nam; that's the party.

I indicated that unless certain documents were provided ~~in~~ and depositions taken by today I was going to dismiss the cross-claim.

~~They have~~ That has not been done, the cross-claim is dismissed.

MR. SWEIG: Could the Court re-schedule the deposition.

THE COURT: Absolutely not. The cross-claim is dismissed. I made my position very clear.

We now have a case, as I recall, that ~~,~~ has been resolved to a substantial degree by Judge Cozier.

There is a motion by-- to intervene by, I guess, Hugh Mac Truong.

MR. LEVY: Yes, your Honor.

THE COURT: The ~~purpose -- presumably that he~~ He wants to intervene ~~states is to Compel Charles Schwab~~ to obtain an order to direct the plaintiff, I guess, the father is the

plaintiff, to return certain common shares of a mutual

fund known as FSECX ~~from~~ the Plaintiff's personal

accounts to a separate restricted account or to the

Vishipco account at Schwab and Schwab to release the _wants_

son's, Hugh's custodial account that was originally

opened by the plaintiff in 1987.

I think the motion-- I am denying the motion.

It seems to me it is premature and it lacks merit.  It

hasn't been demonstrated that the claim, that ~~is~~ Hugh is

asserting ~~is~~ _involves_ a common question of law or fact with

respect to this case, which is really a dispute now

between Mr. Truong, Dr. Truong and the, I guess, private

entities who claim this money; correct.

MR. LEVY: Which has already been resolved.

THE COURT: You say that has been resolved.

MR. LEVY: It has has been resolved, affirmed

by the Appellate Division ~~heavy~~.

THE COURT:  In any event, the motion papers

don't even include a ~~post~~ _proposed_ pleading setting forth a

claim.  It seems to me ~~to be~~ _there is_ a serious question as to

whether or not the funds in the custodial account are

traceable to the funds that are the subject of this

action ~~on whose behalf~~ _more than_ the plaintiff collected

~~substantial assets of~~ over an extended period of time;

or whether or not the plaintiff is entitled to receive

1
2    any commissions for those efforts.

3         In any event, even if the proposed intervenor

4    had incorporated the claims that he wants to make in a

5    complaint, the dubious and complex nature of the relief

6    that is sought it seems to me mitigates permitting him

7    to intervene.

8         So I am denying the motion to intervene.

9         That takes care of that motion.

10        Now, I have motion for summary judgment by

11   whom, by the cross-claimant.

12        That motion is denied in as much as I've

13   dismissed the cross-claim.

14        MR. SWEIG: If I may for the record, we had

15   filed with the clerk yesterday a motion to dismiss.  I

16   believe that one--

17        THE COURT:  It's moot.

18        MR. ANLIAN: It has been demonstrated that my

19   client--

20        THE COURT: Counselor, I'm not revisiting the

21   motion to intervene.

22        What is the status of this case now.

23        MR. HERSHOWITZ: For Dr. Truong Justice Cozier

24   cut off Dr. Truong's rights to commissions or to recover

25   under contract as of 1995 which is the date or the year

26   in which he has ordered to self-help, take what he

believed was his rightful commission. The Appellate

Division affirmed Justice Cozier's. It did not, as

Justice Cozier did, did not extinguish entirely the

plaintiff's rights to any commissions.

What's left now is to go forward with an

accounting to determine by what form the Court finally

determines is appropriate, whether to trace back the

original share of Tran Din Truong (Ph.) and then compute

it through the date of 1995.

I suggest that there are several issues there

because although the lawsuit was brought in '77 to

recover these funds from Chase, they didn't even come

into position or either plaintiff or I on behalf of

Truong until '86 when they were unblocked by the

Treasury Department between '85 and '86 that Dr. Truong

was able to manage those funds.

So whether or not this Court, I understand the

Court may determine that he's not entitled but the value

of his shares still until that time nobody was managing

those funds. So it's only as of that time that issue of

how the funds were managed and how the value was

increased thereby is even before the Court. I think

from '77 to '86 they simply sit in whatever interest

fund was or should have been in '86.

I think at this point simply a matter of proposition alternative accountings from '86 to '95 is what I said.  And as a matter of fact proposing the account portion itself.  No where in any decision by any court where Dr. Truong's rights to any commissions entirely extinguished to say so is not true.

MR. LEVY: Your Honor, Justice Cozier dissmissed every single claim that Dr. Truong made to any of these funds in April of 2000.  What he said and his words that Truong has forfeited all rights to commissions as a result of wrongdoing.

December 13th, 2001 the Appellate Division affirmed unanimously and held, I am quoting again, "since it is clear as a matter of law, that plaintiff Mac Truong breached his fiduciary obligations to his principals, the third-party interpleaded defendants, the motion properly found that plaintiff was not entitled to any portion of the disputed funds as a commission."

Your Honor--

THE COURT:  Clearer than that.

Where's the money now?

MR. LEVY: Being held by Charles Schwab.

THE COURT:  All I have to do is direct Charles Schwab to  turn it over to your client.

MR. LEVY: That's it.

THE COURT:  I so direct Schwab.

You have your an exception.

MR. HERSHOWITZ: Your Honor--

THE COURT:  Counselor, I terminated my

relationship with this case.  I've made an order, ~~into~~ the

Case is over.

MR. LEVY: Is this an self-executing order?

THE COURT:  I will sign it.  Bring the

completed transcript.

MR. HERSHOWITZ: Your Honor stay filing a

notice of appeal?

THE COURT:  No.

MR. LEVY: Dismissal of the cross-claim with

prejudicial.

THE COURT: I am dismissing the cross-claim and I am denying the

motion to intervene.  I am directing Schwab to turn the

money over to your clients.

MR. FOLEY: Charles Schwab has a motion pending

for payment of attorney fees under the interpleader

statute where--

THE COURT:  Where is that motion.

MR. FOLEY: Pending since August of 2000.

THE COURT:  Downstairs, it's not here.

MR. FOLEY: Passed through, we talked about it

9

before.

THE COURT:  It hasn't come up to me, counselor.  I have no, I only have two motions; the motion to intervene and the ~~submission~~ Summary Judgment motion by the cross claimant, and that's all I have.

MR. FOLEY: You put off a decision on this until--

THE COURT:  I don't have a motion, counselor, was it made as a cross-motion?

MR. FOLEY: As a cross-motion.

THE COURT:  Okay, with respect to which motion?

MR. FOLEY: Iit was filed.

THE COURT:  With respect to de, which motion; is it a cross-motion?

MR. FOLEY: It was a cross-motion with respect to Plaintiff's notion to vacate the court order and summary judgment.

THE COURT:  That's the, I assume that's this motion.  I see motion sequence 28.  Let's see.

MR. LEVY: The motion that Mr. Foley was just referring to.

THE COURT:  Hold on.

MR. FOLEY: I think it's older than that.

THE COURT: I don't see it.

MR. FOLEY: Make it a little easier--

THE COURT:. I am looking for it.

I am looking for the papers, counselor. I don't see it in this file. Let me look in the other file.

I only have two files.

MR. FOLEY: May I your Honor; it's only been opposed by Dr. Truong.

THE COURT:  Anybody oppose it?

MR. FOLEY: He is now out of the case.

MR. LEVY: No.

THE COURT:  The amount?  The amount you are agreeable to the amount?

MR. FOLEY: It was-- the amount was $14,151.50 for Schwab's fees and court costs incurred from June 18th, 1999 through August 32, 2001 only in this case, not in the federal action, not in the bankruptcy action.

MR. LEVY: We have no objection.

THE COURT:  That motion is granted.

MR. HERSHKOWITZ: May I put something else on the record?

THE COURT:  Of course.

MR. HERSHKOWITZ: Your Honor still is bound by what the Appellate Division clearly said, notwithstanding our disagreement over parts of the

decision, it remanded in part for proceeding with the long accounting.

Your Honor has no basis to assume that every penny in the interpleaded funds are traceable to the recovery in 1977 and that Dr. Truong never put any of his own money into any of those accounts.

You are now turning over his money without an accounting. There is no way for the Court to make that determination.

MR. LEVY: May I address that?

THE COURT: Of course.

MR. LEVY: Judge Cozier granted an accounting because that was one of our causes of action. As the principals we asked for an accounting of Dr. Mac Truong. In addition to disposing of all of his claims and awarding summary judgment, he directed a long accounting.

If your Honor looks at the decision it says specifically the purpose to see if the plaintiff is required to pay any other further cost or surcharges how to divide the money up between the two corporate third-party defendants.

This is not an accounting to see if he's owed any money. This accounting is to see iif he has to pay anymore money.

1

2          It was our cause of action.  It's clear in the

3    complaint, clear in the decision.

4          MR. HERSHKOWITZ: Stipulated that all accounts

5    should be frozen.  He didn't give away his own money.

6    He has five personal accounts as part of his

7    interpleaded funds.  He was not forfeiting his own

8    money.

9          THE COURT:    Thank you all very much.

10         MR. LEVY: Thank you.

11

12                        *  *  *

13         CERTIFIED TO BE A TRUE AND ACCURATE TRANSCRIPT
     OF THE ORIGINAL STENOGRAPHIC MINUTES TAKEN OF THIS

14   PROCEEDING.

15                         Richard S. Feis
                      Senior Court Reporter

16

17

18                              9/26/02 forwarded

19                                   to
                                    ___
                                    ISC

20

21

22                    IRA GAMMERMAN

23

24

25                         FILED

26                      SEP 26 2002

                  COUNTY CLERK'S OFFICE
                        NEW YORK