Exhibit F

PRE-ARGUMENT STATEMENT

CASE TITLE:

DR. MAC TRUONG
    Plaintiff,
against-

CHARLES SCHWAB, Member: SIPC, N.Y. STOCK EXCHANGE
    Defendant

CHARLES SCHWAB & CO., INC.
    Defendant and Third-Party
    Interpleading Plaintiff

against

TRAN DINH TRUONG, VISHIPCO LINES
and DAI NAM HANG HAI CONGTY
VISHIPCO LINE OF VIETNAM
    Third-Party Interpleaded
    Defendants

APPEAL FROM: The Final ORDER (final disposition)
COURT: IAS Part 3 of the Supreme Court, State of New York
INDEX No. 604650/97

COUNTY: NEW YORK
JUDGE Hon. BARRY A. COZIER
DATE OF ORDER: April 3, 2000

NAME OF COUNSEL:

FOR APPELLANT:
Mac Truong, Esq., Plaintiff Pro se
325 Broadway,
New York, N.Y. 10007
(212) 566-6000

FOR RESPONDENT CHARLES SCHWAB:
(Defendant Charles Schwab having been released by a prior order of the Court)

FOR THIRD-PARTY INTERPLEADED RESPONDENTS:

LEVY & BOONSHOFT
Attorneys for Third-Party Defendants-Respondents
TRAN DINH TRUONG, VISHIPCO LINES
and DAI NAM HANG HAI CONGTY
VISHIPCO LINE OF VIETNAM
477 Madison Avenue
New York, N.Y. 10022
(212) 751-1414

1

METHOD OF DISPOSITION IN TRIAL COURT

    Submission of papers of all parties.

JUDGMENT AFTER TRIAL:  No trial

COURT TRIAL:           No court Trial

Jury Trial             No jury Trial

DAMAGES GRANTED:

    $4,300,000.00 of plaintiff's assets were awarded to third-party interpleaded defendants-respondents

AMOUNT:        $4,300,000.00

DAMAGES DENIED:   $4,500,000.00

ART. 78 PROCEEDING:  Not applicable

APPEAL FROM ORDER:    FINAL ORDER by Justice BARRY A. COZIER

SHORT DESCRIPTION OF ORDER:

    The lower court granted third-party interpleaded defendants $4,300,000.00 of appellant's share to the recovered assets upon the erroneous finding that appellant had converted assets of the corporate defendants.

BRIEF DESCRIPTION OF NATURE OF CASE AND RESULT:

    About August September 1997, <u>without plaintiff's knowledge or consent</u>, third-party interpleaded Defendant Tran Dinh Truong and defendant Charles Schwab & Co. improperly converted plaintiff's assets deposited in three accounts at Schwab in the names of 10 distinct Vishipco Lines corporations in Vietnam, pursuant to his U.S. licenses, by (falsely) claiming that they were current officers and shareholders of those companies, which they were not.
    <u>Without any notice to plaintiff whatsoever</u>, Schwab followed their instructions and on September 2, 1997 transferred all plaintiff's Vishipco assets to Tran and others without any restriction.

    Plaintiff sued Schwab alone first in the Supreme Court of the State of New York. (Action No. 1, Index No. 604650/97)
    Schwab then interpleaded Tran and Vishipco Lines companies, who cross-claimed against plaintiff.
    On April 3, 2000 the Lower Court, deciding respondents' motion for summary judgment, found that plaintiff did earn and possess all the interpleaded assets which had been recovered by

him through his hard work and labor and at his own risk and expenses. However the Court [erroneously as a matter of fact and law] found that plaintiff had taken his share without his principal's consent in 1995 and therefore fortfeit all plaintiff's share to the recovered assets, amounting to an amount of about $4,300,000.00 as of March 17, 2000.

ISSUES PROPOSED TO BE RAISED ON APPEAL:

1. Whether the lower court erred as a matter of fact or law and/or abused its discretionary power when it found that plaintiff had been a faithless agent and as a result forfeit all his right to his commission and/or share in the inpterpleaded recovered by him.

2. Whether the lower court erred as a matter of fact or law and/or abused its discretionary power when it denied plaintiff a trial of the issue of fact that plaintiff had been a faithless agent.

3. Whether the lower court erred as a matter of fact or law and/or abused its discretionary power when it failed to address the issue of conversion of funds by the respondents herein.

4. Whether the lower court erred as a matter of fact or law and/or abused its discretionary power when it decided summarily without proper evidence the issue of fact of the ownership of the 10 Vishipco Lines companies.

5. Whether the lower court erred as a matter of fact or law and/or abused its discretionary power when it decided summarily without proper evidence that third-party interpleaded defendant Tran Dinh Truong is the owner of the 10 Vishipco Lines companies.

5. Other issues raised on appeal are reserved and may be submitted in plaintiff-appellant's Brief.


THERE IS ONE ADDITIONAL APPEAL PENDING IN THIS SAME ACTION

No minutes known to appellant and material to the issue raised were taken before the Order subject to appeal was issued.

May 3, 2000                     Yours,
                                Mac Truong
                                Plaintiff-Appellant pro se
                                325 Broadway,
                                New York, N.Y. 10007
                                (212) 566-6000

3