Exhibit H

*Motion Sequence #034*

At IAS Part 27 of the Supreme Court of the State of New York, County of New York, at the Courthouse, 60 Centre Street, New York, New York, on the 4 day of March, 2003

PRESENT: HON. IRA GAMMERMAN
                    Justice

-------------------------------------------------x
DR. MAC TRUONG,

    Plaintiff,

    -against-

CHARLES SCHWAB
Member: SIPC/N.Y. STOCK EXCHANGE,

    Defendant.
-------------------------------------------------x
CHARLES SCHWAB & CO., INC.,

    Defendant and Third-Party
    Interpleading Plaintiff,

    -against-

TRAN DINH TRUONG, VISHIPCO LINES,
and DAI NAM HANG HAI CONGTY VISHIPCO
LINE OF VIETNAM,

    Third-Party
    Interpleaded Defendants.
-------------------------------------------------x

Index No. 604650/97
Case No. 17084

**ORDER TO SHOW CAUSE WHY PLAINTIFF SHOULD NOT BE HELD IN CONTEMPT OF THIS COURT'S ORDER DATED JUNE 14, 1999**

**THE PURPOSE OF THIS HEARING IS TO PUNISH THE ACCUSED FOR A CONTEMPT OF COURT AND SUCH PUNISHMENT MAY CONSIST OF FINE OR IMPRISONMENT, OR BOTH, ACCORDING TO LAW**

**WARNING: YOUR FAILURE TO APPEAR IN COURT MAY RESULT IN YOUR IMMEDIATE ARREST AND IMPRISONMENT FOR CONTEMPT OF COURT**

Upon reading and filing the annexed affidavits of Daniel J. Brooks, sworn to March 3, 2003, and Steven M. Murphy, sworn to March 3, 2003, and the exhibits thereto, and upon all of the papers, prior proceedings and pleadings had herein,

LET plaintiff Mac Truong

SHOW CAUSE before this Court, at IAS Part 27 thereof, in Room 242, at the Courthouse, 60 Centre Street, New York, New York, on the _12_ day of March, 2003 at _4 PM_ or as soon thereafter as counsel may be heard, why an order should not be made and entered holding Mac Truong in contempt of this Court's June 14, 1999 order; ordering Mac Truong to be imprisoned until he returns to defendant and third-party interpleading plaintiff Charles Schwab & Co., Inc. ("Schwab") certain assets that he caused to be transferred from Schwab account numbers 8932-5542, 8932-5539, and 8932-5532 in violation of this Court's June 14, 1999 order; fining Mac Truong an amount sufficient to compensate Schwab for its losses and expenses, including attorneys' fees, incurred due to Mac Truong's violation of this Court's June 14, 1999 order; and granting Schwab such other and further relief as to the Court appears just and appropriate.

SUFFICIENT CAUSE BEING ALLEGED, IT IS HEREBY

ORDERED, that pending the hearing of this motion, plaintiff Mac Truong and his agents, attorneys, proxies, and persons under his control (including his wife Maryse Mac Truong, daughter Thulihn Mac Truong, and son Hugh Mac Truong) are enjoined from attempting to engage in any transaction (including any order to journal, transfer, purchase or sell any asset) in any of the accounts restrained by Schwab under the Court's June 14, 1999 order or from attempting to make any further transfers of the assets which were removed from three of those accounts by Mac Truong and Maryse Mac Truong on or about January 14, and January 16, 2003; and it is further

ORDERED, that all banking and other financial institutions which have custody of assets removed by Mac Truong and Maryse Mac Truong from the restrained Schwab accounts

-2-

/s/
JSC

in violation of this Court's June 14, 1999 order are enjoined, upon service on them of this Order, to return the assets to Schwab; and it is further

ORDERED, that hand delivery of a true copy of this Order, together with the papers upon which it is granted, to plaintiff Mac Truong, 325 Broadway, New York, New York and Levy Boonshoft & Spinelli, P.C., attorneys for third-party interpleaded defendants, 477 Madison Avenue, New York, New York, and delivery by overnight mail of a true copy of this Order, together with the papers upon which it is granted, to Steven Hershkowitz, Esq., attorney for plaintiff Mac Truong, 317 Belleville Avenue, Bloomfield, New Jersey 07003, on or before the 5 day of March, 2003 shall be deemed good and sufficient service.

ENTER

/s/
_____
J.S.C.

Oral argument Directed:

/s/
_____
J.S.C.

-3-

BROOKS AFFIDAVIT

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------x
DR. MAC TRUONG,

      Plaintiff,

-against-

CHARLES SCHWAB
Member: SIPC/N.Y. STOCK EXCHANGE,

      Defendant.
-----------------------------------------------------------x
CHARLES SCHWAB & CO., INC.,

      Defendant and Third-Party
      Interpleading Plaintiff,

-against-

TRAN DINH TRUONG, VISHIPCO LINES,
and DAI NAM HANG HAI CONGTY VISHIPCO
LINE OF VIETNAM,

      Third-Party
      Interpleaded Defendants.
-----------------------------------------------------------x

Index No. 604650/97
IAS Part 27 (Gammerman, J.)
Case No. 17084

**AFFIDAVIT OF
DANIEL J. BROOKS**

STATE OF NEW YORK  :
                          : ss.:
COUNTY OF NEW YORK  :

      DANIEL J. BROOKS, being duly sworn, deposes and says:

      1.    I am an attorney admitted to practice in the courts of the State of New York and am a member of Layton Brooks & Hecht LLP, attorneys for defendant and third-party interpleading plaintiff Charles Schwab & Co., Inc. ("Schwab"). I submit this affidavit in support of Schwab's order to show cause to have plaintiff Mac Truong held in contempt for once again violating this Court's June 14, 1999 Stipulation and Order (Hon. Barry A. Cozier, J.) (the "1999 Order"), which, *inter alia*, restrained certain assets held in various accounts at Schwab, enjoined

Mac Truong from attempting to transfer any of those assets out of the restrained accounts, and required Mac Truong to indemnify Schwab against any liability or expense, including legal fees and disbursements, that Schwab might incur arising out of a breach of the 1999 Order by Mac Truong.

2.  A copy of the 1999 Order is attached hereto as Exhibit A. By its terms, it clearly prohibits Mac Truong from attempting to cause any of the assets in the restrained account to be transferred out of those accounts. Ex. A, ¶ 5. Similarly, the 1999 Order requires Mac Truong to indemnify Schwab against any liability and to hold Schwab harmless from any loss, damage, cost and expense, including legal fees, that Schwab might incur due to a violation by Mac Truong of ¶ 5 of the order. Ex. A, ¶ 6.

3.  Significantly, the 1999 Order was entered on consent and signed by Mac Truong, who is an attorney and was then representing himself, before being so ordered by Justice Cozier. Ex. A, at pp. 5-6. Therefore, despite the entry of a final judgment in this case, this Court retains the power to punish Mac Truong for his violation of the Court's interlocutory order. Puro v. Puro, 39 A.D.2d 873, 333 N.Y.S.2d 560, 561 (1st Dep't 1972), aff'd, 33 N.Y.2d 805, 350 N.Y.S.2d 658 (1973); cf. CPLR 5104.

4.  It is also significant that Mac Truong has already once been held in contempt by this Court for violating the very same 1999 Order. See transcript of April 29, 2002 hearing, a copy of which is attached hereto as Exhibit B, at 3, 13. On that occasion, only after the Court told Mac Truong that he was going to be incarcerated until the transferred assets were returned to Schwab, did Mac Truong purge himself of his contempt. Id.

5.  As the Court is aware, this case involved a dispute as to the ownership of the assets in various accounts which were maintained at Schwab and restrained pursuant to

-2-

various orders, including the 1999 Order. The parties claiming ownership of the assets were: Mac Truong; a party purporting to be the Government of Vietnam; and the third-party interpleaded defendants. On September 25, 2002, the Court directed Schwab to turn over the assets to the third-party interpleaded defendants. See transcript of September 25, 2002 hearing, a copy of which is attached hereto as Exhibit C, at 7-8. The transcript was so ordered by the Court on September 26, 2002. Id., at 12.

      6. As explained in the accompanying affidavit of Steven M. Murphy, who is a Schwab corporate attorney ("Murphy Aff."), it was not possible to comply with the Court's September 26 order because Mac Truong and his wife had filed for bankruptcy protection in the Bankruptcy Court for the District of New Jersey. After those proceedings were dismissed in late October 2002, Schwab requested written instructions from the third-party interpleaded defendants as to how the assets should be transferred. Because of some apparent confusion or lack of communication, Schwab had not received written instructions as of January 14, 2003 and the assets remained in the restrained accounts. Schwab believed that the accounts were completely restricted and that it would not be possible for Mac Truong to once again improperly cause assets to be transferred out of the accounts in violation of the 1999 Order. See Murphy Aff., ¶ 4.

      7. Apparently, however, Mac Truong succeeded, on January 14, and January 16, 2003, in having the assets in three of the restrained accounts transferred to Waterhouse Securities, the same brokerage to which he transferred assets on the previous occasion on which this Court held him in contempt for violating the 1999 Order.

      8. I learned of these transfers on or about February 25, 2003, when I received a copy of a letter Mac Truong sent to the Hon. Sidney H. Stein, in which he bragged that he and

-3-

his wife had caused the assets to be transferred. See Mac Truong's February 25, 2003 letter to Judge Stein and its three attachments, confirming the outgoing transfers of the assets in the three accounts from Schwab to Waterhouse Securities, copies of which are attached hereto as Exhibit D.

9. I notified Schwab and was informed that its in-house counsel were unaware of the transfers and thought that the accounts remained safely restricted. Murphy Aff., ¶ 4. Upon investigating, Schwab determined that the value of the transferred assets was $379,230 and that the transfers had been to Waterhouse accounts in the names of Mac Truong and of Mac Truong and his wife. Murphy Aff., ¶ 2. Schwab contacted Waterhouse and was told that one account still held approximately $250,000 of assets, which Waterhouse has blocked and agreed to return to Schwab, but that approximately $125,000 of assets had been withdrawn from Waterhouse by Mac Truong. Murphy Aff., ¶ 6. Schwab has not conclusively determined how Mac Truong was able to obtain funds from the restricted accounts, but it appears that the transfers, which occurred inadvertently, were caused by an automated transfer request from Waterhouse that bypassed Schwab's restriction codes. Id., ¶ 5. The remaining disputed assets still held at Schwab have now been transferred to the third-party interpleaded defendants, making another repetition of this situation highly unlikely. Id., ¶ 7.

10. Needless to say, Mac Truong's claim (in his February 25, 2003 letter to Judge Stein) that Schwab has, by virtue of these inadvertent transfers, conceded that the restriction on the accounts should be lifted and that the assets were properly released to Mac Truong and his wife is as preposterous as it is breathtaking in its audacity.

11. The fact is that Mac Truong has wilfully and blatantly violated this Court's 1999 Order for a second time and that he should be immediately incarcerated until he

returns all of the assets which he improperly caused to be transferred to him and his wife. He also should be fined an amount sufficient to compensate Schwab for its losses and expenses, including attorneys' fees, incurred due to Mac Truong's contumacious conduct. Finally, pending the hearing of this matter, Mac Truong and his wife should be ordered not to make any further transfers of the assets which have been removed from Waterhouse and all banking and other financial institutions which have custody of those assets should be ordered, upon service on them of this order to show cause, to return the assets to Schwab, for transfer to the third-party interpleaded defendants.

12. No previous application has been made by Schwab, in this or any other court, for the specific relief sought herein (except that Schwab successfully moved previously, by order to show cause dated October 17, 2001, to have Mac Truong held in contempt of court for his previous conduct in causing assets to be transferred out of the Schwab accounts).

_____
DANIEL J. BROOKS

Sworn to before me this 3rd day
of March, 2003

_____
Notary Public

DEBRA ARROYO
NOTARY PUBLIC, State of New York
No. 24-4742650
Qualified in Kings County
Commission Expires Feb. 28, 20 06

-5-