Exhibit I

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY: CIVIL TERM:    PART 27
-------------------------------------------X
DR. MAC TRUONG,

                                    Plaintiff,

            - against -                    Index No.
                                         604650-97

CHARLES SCHWAB & CO., INC., MEMBER SIPC,
NEW YORK STOCK EXCHANGE,

                              Defendants.
-------------------------------------------X
CHARLES SCHWAB & CO., INC.,


        Defendant and 3P Interpleading Plaintiff,

            - against -
TRAN DINH TRUONG, VISHIPCO LINES and DAI NAM HANG HAI
CONGTY VISHIPCO LINES OF VIETNAM,

        3P Interpleading Defendants.
-------------------------------------------X
              60 Centre Street
              New York, New York  10007
              March 13 March 13, 2003

B E F O R E:

                HONORABLE IRA GAMMERMAN,
                     Justice

A P P E A R A N C E S:

     L/O of JAY STUART DANKBERG
     Attorneys for Plaintiff
     1220 Broadway
     New York, New York
     BY:  JAY STUART DANKBERG, ESQ.

     LAYTON BROOKS & HECHT
     Attorneys for Schwab
     400 Park Avenue
     New York, New York
     BY:  DANIEL J. BROOKS, ESQ.

LEVY BOONSHOFT & SPINELLI, P.C.
Attorneys for 3pInterpleaded Defts
477 Madison Avenue
New York, New York
BY:   DAVID M. LEVY, ESQ.

RICHARD H. ZWEIG, ESQ.
Attorney for the Gov't of V.N.
325 Broadway
New York, New York


                    RICHARD S. FEIS
                 Senior Court Reporter

Proceedings

THE COURT:  This case is 17084.  That number should appear on all papers or communications.

This is a motion to punish Dr. Truong for contempt based on his, I take it removal of certain assets that he shouldn't have removed, correct.

MR. BROOKS: That's correct your Honor.  The second time that he violated the June 14, 1999 orders of this court.  The last time you held him in contempt in April.

THE COURT:  My recollection is he returned those funds?

MR. BROOKS: He then-- he finally returned those assets.

This time he should be incarcerated today until he returns what is missing now which is $129,956.

THE COURT:  Judge Dankberg, what do you say?

MR. DANKBERG: Two things.  First of all, it's only alleged.  Alleged that Dr. Truong--

THE COURT:  He denies doing this?

MR. DANKBERG: They don't demonstrate it.

THE COURT:  Does he deny it?

MR. DANKBERG: Your Honor, I have a cross-motion.

THE COURT:  I am not interested in the cross-motion at the moment.

Proceedings

Does he-- listen to me. Does he deny doing this?

MR. DANKBERG: I don't know, I haven't asked him.

THE COURT:  All right.

Counselor, why don't you ask him.  He has been your client since the day before yesterday; you haven't asked him?

MR. DANKBERG: Two days ago.

THE COURT: You said that you were retained by him the day before yesterday.

MR. DANKBERG: That's correct.

THE COURT:  You haven't asked him whether or not he has done this?

MR. DANKBERG: I haven't asked him whether or not he has done that, correct.

MR. BROOKS: Your Honor, an exhibit to your papers--

THE COURT:  Speak up.

MR. BROOKS: Exhibit D to our papers is a letter he wrote, Mr. Truong wrote to Judge Stein in Southern District that had done it.  That's how I found out.

MR. DANKBERG: That's not accurate, not an accurate characterization.

Proceedings

THE COURT:  One at a time.

MR. BROOKS: If you will read Exhibit D.

THE COURT:  I'm reading it.

Where does he say he is withdrawing the funds.

MR. BROOKS: He attached three confirmations showing that three accounts were transferred out by Schwab at his request to Waterhouse Securities in the affidavit by Steven Murphy of Schwab.  He swore that he called Waterhouse.  He found out that Waterhouse--

THE COURT: The motion is granted.

Anything you want to say?

MR. DANKBERG: Before you say a word about granting or not.

You issued an order to show cause a couple of days ago direct service of papers to Dr. Truong. Yesterday there was handed up to you what was claimed to be an affidavit of service for those papers.  The affidavit of service is strange because it doesn't say they were served.  They say they were caused to be served.  The papers were not served upon Dr. Truong in accordance with the order to show cause.

I have prepared a motion cross-motion.

THE COURT:  Your cross-motion is denied. Judge, you tell your client to be here Monday.  I will arrange to have him incarcerated on Monday unless these

Proceedings

accounts are restored to Schwab.

MR. DANKBERG: Look at the papers.

THE COURT:  Judge, you tell your client to be here Monday at 4 o'clock or he will be incarcerated on Monday at 4 o'clock unless at that point the money has to been returned to the accounts.

Anything else?

MR. DANKBERG: One sentence.

You said on September 25, 2002 that this case was finished.  You have nothing more to do with this case.

THE COURT:  Your client has re-excited my interest.

In any event, I am directing him through you to be here at 4 o'clock.  Unless the funds are restored-- if the funds are restored to those accounts he doesn't have to show up.  And I will mark the motion withdrawn.  If the funds are not restored tell him to bring his toothbrush.

MR. BROOKS: May I hand up some papers?

MR. BROOKS: Hand it up.

(Whereupon, a warrant of arrest papers are handed up to the Court.)

THE COURT:  I will sign it Monday.  I will arrange to have him arrested on Monday if, hopefully it

1                              Proceedings

2       won't be required, because I hope he will return the

3       funds.

4                    MR. DANKBERG: May I give you the cross-motion

5       please?

6                    THE COURT:  No.

7                    You serve it any time you want.

8                    MR. DANKBERG: It has been served.

9                    THE COURT:  Well, all right.  The cross-motion

10      is denied.

11                   Let's move on.

12                   I will see you at 4 o'clock on Monday

13      hopefully not.

14                   If he doesn't return the money and he is not

15      here 4 o'clock Monday, I will arrange to have him picked

16      up and brought before me for incarceration.

17                   MR. DANKBERG: Talking about, just about

18      $130,000; is it possible instead of Monday to be later

19      in the week?

20                   THE COURT:  No, Monday.

21                   MR. BROOKS: Thank you, your Honor.

22

23                              *  *  *

24                   CERTIFIED TO BE A TRUE AND ACCURATE TRANSCRIPT
        OF THE ORIGINAL STENOGRAPHIC MINUTES TAKEN OF THIS
25      PROCEEDING.

26                         Richard S. Feis
                           Senior Court Reporter