

# Schnader
ATTORNEYS AT LAW

**By Facsimile**

January 25, 2008

Hon. Sidney H. Stein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   Dr. Mac Truong v. Charles Schwab & Co., Inc.
      No. 07 Civ. 8085 (SHS)

Dear Judge Stein:

      We represent the defendant Charles Schwab & Co., Inc. ("Schwab") in the above-captioned action. Yesterday, we received plaintiff's cross-motion for summary judgment, unaccompanied by any memorandum of law, purporting to require us to respond to the motion, including a 35-paragraph "affirmation in compliance with Local Rule 56.1(a)," by January 28, 2008 (seven days before the February 4, 2008 return date). We are writing to request that the Court either deny the motion due to plaintiff's failure to comply with Local Civil Rule 7.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (requiring a memorandum of law in support of all motions), or, alternatively, defer the determination of this cross-motion until the Court has decided Schwab's pending motion, pursuant to Rule 12(b)(6), Fed. R. Civ. P., for an order dismissing this action without leave to replead.

      By order dated November 20, 2007, the Court denied plaintiff's prior motion for summary judgment for failure, "[a]t a minimum," to comply with Local Civil Rule 56.1(a). Although plaintiff has now purported to comply with *that* local rule, he persists in his refusal to comply with Local Rule 7.1, which clearly provides that "[w]illful failure" to file a memorandum of law "may be deemed sufficient cause for the denial of a motion." In its November 20, 2007 order, the Court also provided for the orderly briefing of Schwab's motion to dismiss, by requiring that Schwab answer or move in response to the complaint by December 20, 2007; that plaintiff respond to such a motion by January 21, 2008; and that Schwab reply by February 12, 2008. The order made no mention of any cross-motion for summary judgment, let alone one that required a response from Schwab by January 28, 2008. The Court should not countenance this latest attempt by plaintiff to make up his own rules.

      Schwab has filed a timely motion to dismiss the complaint, on the grounds of collateral estoppel, *res judicata*, the statute of limitations and the unavailability of relief under 42 U.S.C. § 1983 against Schwab, a private party not alleged to be a "state actor," as required by that statute. All of these grounds for dismissing the complaint raise pure issues of law, under well-settled precedents, and assume the truth of the allegations contained in the complaint. Although plaintiff has filed a timely opposition to Schwab's motion to dismiss, he has also filed

# Schnader
ATTORNEYS AT LAW

Hon. Sidney H. Stein
January 25, 2008
Page 2

a cross-motion which would require the Court to hack its way through a thicket of contentious, conclusory and largely false factual assertions contained in plaintiff's "affirmation in compliance with Local Rule 56.1(a)" in order to determine which of those "facts" are disputed and which are not. Moreover, it would put Schwab – which is entitled to the immediate dismissal of this vexatious and baseless lawsuit – to the unnecessary additional burden and expense of addressing the factual assertions contained in plaintiff's Rule 56.1(a) affirmation in order to point out that the citations often do not support the assertions, that other evidence exists that would refute those assertions, and that, in any event, most of these assertions are completely irrelevant, having little or nothing to do with the claims for relief contained in the complaint. As the Court is aware, these time-barred claims have been litigated over and over again and are precluded by the doctrines of collateral estoppel and *res judicata*, for the reasons set forth in Schwab's motion to dismiss. There simply is no reason for Schwab to have to respond to plaintiff's latest litany of absurd and false *ad hominem* attacks, especially because, even if they were true, the complaint would still have to be dismissed. Nor would the interests of judicial economy or the orderly administration of justice be served by this Court having to waste still more time on this matter by deciding plaintiff's unnecessary and vexatious cross-motion.

Instead, it is respectfully submitted that, if plaintiff's cross-motion is not denied outright for failure to comply with Local Rule 7.1, it should at least be deferred pending resolution of Schwab's motion to dismiss, which, if granted, will render the cross-motion moot. *See Beauchamp v. United States*, No. 97-CV-6372T, 1998 U.S. Dist. LEXIS 1458, at *9-10 (W.D.N.Y. Jan. 16, 1998) (providing for defendant to move for dismissal as a matter of law on statute of limitations grounds and deferring plaintiff's cross-motion for summary judgment pending resolution of defendant's motion to dismiss).

We regret burdening the Court with this request, but we are seeking a resolution of this long-festering litigation as speedily as possible, with a minimum of needless expense and motion practice. We believe that the procedure proposed in this letter accomplishes that goal, without in any way prejudicing plaintiff's rights, since everything plaintiff has submitted in support of his cross-motion is equally applicable to his opposition to Schwab's motion to dismiss.

Respectfully,

Daniel J. Brooks
For SCHNADER HARRISON SEGAL & LEWIS LLP

cc: Mac Truong (by hand delivery)

Schnader Harrison Segal & Lewis LLP

PHDATA 3011439_1