UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
DR. MAC TRUONG,                          :

               Plaintiff,              :       07 Civ. 8085 (SHS)

  -against-                                      :

CHARLES SCHWAB & CO., INC.,              :

              Defendant.            :
------------------------------------------------------x


## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

Daniel J. Brooks (DB-3136)
SCHNADER HARRISON SEGAL & LEWIS LLP
140 Broadway, Suite 3100
New York, New York 10005
(212) 973-8000
fax: (212) 972-8798
e-mail: dbrooks@schnader.com

Attorneys for Defendant

## PRELIMINARY STATEMENT

Defendant Charles Schwab & Co., Inc. ("Schwab") respectfully submits this reply memorandum of law in further support of its motion to dismiss the complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P., and in order to address plaintiff's opposition to the motion, as set forth in: (i) an affidavit of Mac Truong dated January 19, 2008 (submitted in opposition to the motion to dismiss and in support of a cross-motion for summary judgment, which has been stayed pending resolution of the motion to dismiss); (ii) an affirmation of Mac Truong dated February 1, 2008; and (iii) plaintiff's memorandum of law dated February 1, 2008. Because the February 1, 2008 affirmation ("Truong Aff.") and the February 1, 2008 memorandum of law ("Truong Memo.") largely replicate the January 19, 2008 affidavit, this reply focuses on the contentions contained in the February 1, 2008 affirmation and memorandum of law. This reply memorandum employs the same defined terms and abbreviations that were used in Schwab's opening memorandum of law.

## ARGUMENT

I. **Schwab's Motion to Dismiss Has Been Properly Made, in Accordance with this Court's November 20, 2007 Order, and is not a "Construed Motion for Reconsideration," as Plaintiff Nonsensically and Repeatedly Claims**

On March 19, 2003, this Court dismissed the Six Southern District Actions and enjoined Mac Truong, and those in privity with him, from bringing any further actions against Schwab or its attorneys without leave of court (and without bringing the injunction to the attention of the court from which leave was sought). *Vishipco Line v. Charles Schwab & Co.*, Nos. 02 Civ. 7823, etc. (SHS), 2003 U.S. Dist. LEXIS 4082, at *35-36 (S.D.N.Y. Mar. 19,

2003). Despite this injunction, on or about September 6, 2007, Mac Truong brought this action against Schwab in the New York State Supreme Court, County of New York, from where it was removed to this Court. Because Mac Truong did not obtain leave of court to file this new action, and completely failed to bring the injunction to the attention of the state court, Schwab moved, in the *Vishipco* actions (Nos. 02 Civ. 7823, etc. (SHS)), to have Mac Truong held in contempt of this Court's March 19, 2003 injunction. As a sanction, Schwab requested that this Court either order Mac Truong's incarceration until he withdrew the unauthorized lawsuit, or, alternatively, that the new action simply be summarily dismissed by the Court.

Because this Court declined to hold Mac Truong in contempt, or to dismiss this complaint as a sanction for contempt, Mac Truong reasons that Schwab's motion to dismiss the complaint in this action, pursuant to Rule 12(b)(6), has already been denied and that this motion, therefore, is a "construed motion for reconsideration" of that denial. Truong Memo., at 2, 3, 6-7. Notably, however, Schwab's alternative request that this action be summarily dismissed (as repeated during oral argument on November 13, 2007) was made in the *Vishipco* actions, and *not* in this action, and as a sanction for Mac Truong's contumacious conduct, rather than under the aegis of Rule 12(b)(6). Accordingly, this motion to dismiss is obviously not a motion for reconsideration, "construed" or otherwise. Moreover, Mac Truong's disingenuous related assertion that the Court ordered Schwab to answer this complaint, rather than move to have it dismissed (Truong Memo., at 2; Trong Aff., ¶¶ 6-7) is belied by the plain language of this Court's November 20, 2007 Order in this action, which provided: "Defendant's time in which to answer *or move* in response to the complaint in this action is adjourned to December 20, 2007." (Emphasis supplied).

In sum, the fact that the Court declined to hold Mac Truong in contempt in the *Vishipco* actions (or to summarily dismiss this unauthorized action as a sanction for contempt) does not mean that the complaint in *this action* has previously been found to state a claim upon which relief can be granted, within the meaning of Rule 12(b)(6).[1]

### II. The New York Court's August 16, 2007 Denial of Mac Truong's Motion to Reopen and for Clarification Does not in Any Way Derogate from the Preclusive Effect of the Prior Orders in the New York Action

In July 2007, Mac Truong moved to reopen the New York Action, which had been terminated in September 2002, and for clarification of Justice Gammerman's September 26, 2002 order directing Schwab to turn over the interpleaded funds to Truong's Adversaries. *See* Appendix to Truong Memo., at 1-13. The motion did *not* seek leave to file a new action against Schwab. *Id.*

On August 16, 2007, Justice (now Judicial Hearing Officer) Gammerman *denied the motion*. *See* Brooks Dec. Ex. K, at 10, 11. In denying a subsequent motion by Mac Truong for "reconsideration" of the judgment in *Tran*, Judge Castel held, with respect to Justice

---

[1]    In exercising lenity, the Court gave Mac Truong the benefit of the doubt, surmising that he may not fully have understood the import of the March 19, 2003 injunction prior to the oral argument of the contempt motion on November 13, 2007, but that "the Court believes Mr. Truong now understands that the injunction prohibits him from 'commencing any new proceedings, as either a party or as counsel, against Schwab or its attorneys' for claims relating to the transactions at issue in 02 Civ. 7823, [etc.] in any court whatsoever 'without first obtaining permission from the court in which the action is to be filed and by showing that court a copy of the injunction.'" *See* November 20, 2007 Order in the *Vishipco* cases, at 2. While Schwab hopes that this sanguine belief proves to be correct, it is alarming that, in opposition to this motion, Mac Truong claims that, by declining to hold him in contempt, this Court somehow "reversed" all of its prior orders that are under appeal, including the injunction itself. Truong Aff., at 9. Mac Truong has advanced this same bizzare claim in his appeal to the Second Circuit.

Gammerman's August 16, 2007 ruling, that "[n]o aspect of this ruling modifies the substance or effect of the prior rulings in that case releasing the funds to Truong's adversaries." Brooks Dec. Ex. L, at 5. Judge Castel also stated that: "Justice Gammerman, in denying Truong's motion, left intact and unchanged the previous opinions and orders in the state court litigation." *Id.* at 5-6. With particular reference to Justice Gammerman's September 26, 2002 order – which was the subject of Mac Truong's motion for clarification – Judge Castel held that "Schwab complied with [the September 26, 2002] Order *and released all of the interpleaded funds to Truong's adversaries.*" *Id.* at 4 (emphasis supplied).

Mac Truong, however, has latched on to Justice Gammerman's casual remark, during the August 16, 2007 hearing, that: "My suggestion is, if you maintain that Schwab improperly turned over money that belonged to you *unrelated* to any of the monies that you collected in connection with this claim of these shipping lines, you start a lawsuit against Schwab in an appropriate court and that issue can be litigated * * * But it's not going to be litigated within the framework of this lawsuit." *See* Brooks Dec. Ex. K, at 7 (emphasis supplied). It is this offhand statement – which, according to Judge Castel, did not modify and left intact the New York Court's previous rulings and their preclusive effect – that Mac Truong speciously attempts to exalt as "the August 16, 2007 Suggestion by Justice Ira Gammerman." Truong Aff., at 3.

Mac Truong also absurdly characterizes this "Suggestion" as constituting a "decision" (Truong Memo., at 5); "findings of fact and/or conclusions of law by Justice Gammerman on August 16, 2007 [which] are now both *res judicata* and legally sufficient to sustain a determination that . . . Schwab has been found liable for their willful conversion of plaintiff's assets in my eight accounts, that were unrelated to the monies I had recovered for Vitranschart . . ." (Truong Memo., at 9); and a "determin[ation] in *Truong v. Schwab*, Index No.

704650/97, that in March-April 2003 Schwab willfully and wrongfully converted plaintiffs' $4,500,000.00 in my eight accounts at Schwab by willfully releasing them to third party Elaine Nguyen . . ." (Truong Aff., at 9).

It hardly merits noting that Justice Gammerman's "Suggestion" – a passing remark devoid of any legal significance – does not, by any stretch of the imagination, determine anything, let alone that Schwab is liable to Mac Truong for having released the disputed funds to Truong's Adversaries. Moreover, Justice Gammerman's statement was confined to funds that were *unrelated* to the funds Mac Truong had recovered on behalf of his principals (the shipping companies who were Truong's Adversaries in the New York Action). On April 3, 2000, however, Justice Cozier specifically found that: "*All of the interpleaded funds on deposit in the various Schwab accounts are traceable to the original recovery proceeds, together with interest, dividends and other accretions.*" Brooks Dec. Ex. C, at 20-21 (emphasis supplied). These interpleaded funds were contained in precisely the same accounts that Mac Truong complains Schwab converted when it turned them over to Truong's Adversaries. *Compare* Brooks Dec. Ex. A (the complaint), ¶ 3 (listing the accounts that were allegedly converted) *with* Brooks Dec. Ex. B, ¶ 2 (the Stipulation and Order restraining the same accounts); *see also* Brooks Dec. Ex. C, at 24-25 (listing the same accounts). Thus, based on Justice Cozier's finding, affirmed by the Appellate Division (*Truong v. Charles Schwab & Co., Inc.*, 289 A.D.2d 98, 735 N.Y.S.2d 15 (1st Dep't 2001)), the interpleaded funds, because they were all *traceable to the original recovery proceeds*, were *not unrelated* to the monies Mac Truong recovered on behalf of Truong's Adversaries. Accordingly, the funds that Mac Truong claims Schwab converted were not even within the ambit of the hypothetical "unrelated" funds to which Justice Gammerman was referring in his "Suggestion."

**III.    By Dismissing as Frivolous the Appeal by Mac Truong and His Wife from the Dismissal of their Claims in *Tran*, the Second Circuit Recently Confirmed the Preclusive Effect of *Tran's* Holding that the Proposed Amended Complaint in that Action – Mirroring the Claims Asserted in this Complaint – Could not Withstand a Motion to Dismiss**

On December 20, 2007 (after the filing of this motion), the Second Circuit dismissed as frivolous the appeal by Mac Truong and his wife from the dismissal of their complaint in *Tran*. *See* Order dated December 20, 2007 (Exhibit A hereto), at 4 (dismissing as frivolous the appeal docketed under 07-1354-cv). In dismissing that complaint, Judge Castel also denied as futile Mac Truong's motion to amend the complaint to assert claims that are identical to the claims asserted in this action against Schwab. *See* Brooks Dec. Ex. J (proposed amended complaint); *see also Truong v. Tran*, Nos. 03 Civ. 3423, 3424, 3425 (PKC), 2007 U.S. Dist. LEXIS 10973, at *38-39 (S.D.N.Y. Feb. 5, 2007) (denying the motion to amend the complaint on the grounds of futility because the proposed amendment made "all of the same allegations of fraud and conversion of the Schwab accounts that have been repeatedly rejected by every court to which Mac Truong has brought these claims" and holding that the proposed amended complaint "would not withstand a motion to dismiss for the same reasons the present complaints cannot withstand a motion to dismiss.")

Notably, the proposed amended complaint in *Tran* contained the same seven claims of conversion (one for each of the accounts transferred by Schwab to Truong's Adversaries) that are asserted in this complaint and the same infirm claim under 42 U.S.C. § 1983 that is asserted in this complaint. *See* Brooks Dec. Ex. J (amended complaint), ¶¶ 52-78. Just like the complaint in this action, the proposed amended complaint in *Tran* accused Schwab of converting $4.5 million of assets in the same seven accounts by transferring them out without

Mac Truong's consent and without any court order authorizing such a transfer. *Id.* ¶¶ 17-24, 33, 36, 38, 44.

Judge Castel held that these claims, of "actual conversion," were without merit. The Second Circuit has now agreed, finding that the appeal by Mac Truong and his wife from the rulings in *Tran*, including the denial of their motion to amend the complaint, was frivolous. Schwab should not have to relitigate these issues and claims yet again, in this baseless lawsuit.

IV.  **The Complaint Should Be Dismissed Despite Mac Truong's Familiar Laundry List of Additional Frivolous Objections to Schwab's Motion**

As usual, Mac Truong has dipped into his grab bag of hypertechnical and obfuscatory legal arguments, none supported by citation to any case law or statutory authority, in an effort to prolong his abusive vendetta against Schwab. These spurious contentions should all be rejected out of hand.

First, Mac Truong claims that Schwab's motion is unsupported by an affidavit from someone with personal knowledge of the facts (Truong Memo., at 3-4), yet he fails to contest the authenticity of any of the documents attached to the moving declaration or to explain why this Court should not take judicial notice of those adjudicative facts in order to dismiss this complaint, as it did in *Vishipco* and *Tran*.

Second, Mac Truong claims that Schwab violated Treasury Department licenses issued to Mac Truong when it transferred the interpleaded funds to Truong's Adversaries (Truong Aff., at 12), but fails to acknowledge that Justice Cozier granted summary judgment against Mac Truong and in favor of Truong's Adversaries on the issue of ownership of the

interpleaded funds despite being fully aware of the existence of those Treasury Department licenses. *See* Brooks Dec. Ex. C, at 13-14.

Third, Mac Truong claims that Schwab's transfer of the interpleaded assets to Truong's Adversaries in March 2003 violated the automatic stay triggered by his first bankruptcy filing in July 2000 (Truong Aff., at 11), but conceals the fact that, when Schwab sought permission from the bankruptcy court to make that transfer, the bankruptcy court dismissed the bankruptcy petition on October 23, 2002 because "the debtor hasn't moved its case forward not even a quarter of an inch." *See Vishipco*, at *8 (quoting the bankruptcy court).

Fourth, Mac Truong claims that, in order to prevent him from recovering his assets, Schwab's counsel caused Mac Truong to be disbarred by falsely testifying before the Departmental Disciplinary Committee that Mac Truong had conspired with Richard Zweig to "steal Vietnam's monies" through Zweig's pretense that he represented Vitranschart, the alleged successor to Vishipco. *See* Truong Aff., at 12-13. In fact, however, this Court can take judicial notice that Mac Truong was disbarred because he forged a document (a lease) and committed perjury during an action commenced against him and his wife by Mac Truong's landlord, Broadwhite Associates. *See In the Matter of Mac Truong*, 22 A.D.2d 62, 67, 800 N.Y.S.2d 12, 16 (1st Dep't 2005) ("The record conclusively establishes that respondent is unfit to practice law. He submitted a forged document to the court in *Broadwhite* and testified falsely in support thereof and, far from demonstrating any remorse, he steadfastly refuses to acknowledge that he committed any misconduct. He is undeterred in frivolous and contemptuous conduct. Disbarment is the appropriate sanction.")

Finally, Mac Truong claims that the three-year statutes of limitations barring these claims were tolled by the March 19, 2003 injunction in *Vishipco*, while conveniently overlooking the fact that the injunction permitted Mac Truong to seek leave of court, at any time after Schwab's alleged conversion of the assets, to file these claims.

## CONCLUSION

For the foregoing reasons and those set forth in Schwab's opening memorandum of law, the complaint should be dismissed without leave to replead and Schwab should be awarded such other and further relief as appears just and proper.

Dated: New York, New York
       February 11, 2008

Respectfully submitted,

SCHNADER HARRISON SEGAL & LEWIS LLP

By: _____
Daniel J. Brooks (DB-3136)
140 Broadway, Suite 3100
New York, New York 10005
(212) 973-8000
fax: (212) 972-8798
e-mail: dbrooks@schnader.com

Attorneys for Defendant

9

PHDATA 3032503_1

Exhibit A

S.D.N.Y.
02-cv-7823, 98-cv-6328
02-cv-7846, 02-cv-7928
02-cv-7929, 02-cv-7877
Stein, J.

S.D.N.Y.
03-cv-3425
Castel, J.

S.D.N.Y.
00-cv-3618
Crotty, J.

# United States Court of Appeals
### FOR THE
### SECOND CIRCUIT

---

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of December, two thousand seven,

Present:

    Hon. Guido Calabresi,
    Hon. Robert A. Katzmann,
    Hon. Reena Raggi,
        *Circuit Judges.*

---

Vishipco Line, et al.,

    *Plaintiffs-Appellants,*

    v.                                                    03-7392-cv (L)

Charles Schwab & Co., et al.,

    *Defendants-Appellees.*

---

Mac Truong,

    *Plaintiff-Appellant,*

    v.                                                    03-7428-cv (CON)

Vitranschart, Inc., et al.,

    *Defendants-Appellees.*

---

[Stamp: UNITED STATES COURT OF APPEALS FILED DEC 20 2007 SECOND CIRCUIT]

Mac Truong, Dr.,

    *Plaintiff-Appellant,*

  v.            03-7442-cv (CON)

Charles Schwab & Co., et al.,

    *Defendants-Appellees.*

---

Maryse Mac Truong,

    *Plaintiff-Appellant,*

  v.            03-7494-cv (CON)

Charles Schwab & Co., et al.,

    *Defendants-Appellees.*

---

Mac Truong,

    *Plaintiff-Appellant,*

  v.            03-7496-cv (CON)

Charles Schwab & Co., et al.,

    *Defendants-Appellees.*

2

| | |
|---|---|
| Hugh MacTruong, | |
|     *Plaintiff-Appellant*, | |
| v. | 03-7498-cv (CON) |
| Charles Schwab & Co, et al., | |
|     *Defendants-Appellees*. | |
| | |
| Mac Truong, Maryse Mac Truong, | |
|     *Plaintiffs-Appellants*, | |
| v. | 07-1354-cv (CON) |
| Charles Schwab & Co, et al., | |
|     *Defendants-Appellees*. | |
| | |
| Vitranschart, Inc., et al., | |
|     *Plaintiff-Counter-Defendant-Appellee*, | |
| v. | 07-3299-cv (CON) |
| Mac Truong, | |
|     *Defendant-Cross-Claimant-Appellant*. | |

The parties in these consolidated appeals have made several motions: (1) in the appeal docketed under 07-1354-cv, appellant Mac Truong has moved for *in forma pauperis* ("IFP") status, and the appellees have cross-moved to dismiss that appeal; (2) in the appeal docketed under 03-7392-cv, the appellees have moved to dismiss, and the appellants have moved to shorten the appellees' time to file a brief and to sever that appeal from the rest of the consolidated appeals; (3) in the appeals docketed under 03-7392-cv, 03-7428-cv, 03-7442-cv, 03-7494-cv, 03-7496-cv,

3

03-7498-cv, and 07-1354-cv, appellant Truong has moved to disqualify opposing counsel; (4) appellant Truong has moved to clarify this Court's order consolidating the above appeals; and (5) in the appeal docketed under 03-7392-cv, Truong, as counsel for corporate appellants, has moved to vacate this Court's November 2007 order striking Maryse Mac-Truong's ten-page memorandum of law in lieu of a brief docketed under appeal 03-7494-cv.

First, is hereby ORDERED that the appeal docketed under 07-1354-cv is severed from the other consolidated cases, Truong's motion for IFP status in that appeal is DENIED, and that appeal is DISMISSED as frivolous. *See Nietzke v. Williams*, 490 U.S. 319, 325, 327 (1989).

Second, in the appeal docketed under 03-7392-cv, it is hereby ORDERED that: (1) the appellees' motion to dismiss is DENIED; (2) the appellants' motion to shorten the appellees' time to file a brief is DENIED; and (3) the appellants' motion to sever the appeal from the other consolidated appeals is DENIED. The corporate appellants in that appeal must retain new counsel within 30 days of this order or their appeal will be dismissed, because their attorney has been disbarred and may no longer represent them and corporations may not appear *pro se*. If new counsel makes an appearance within the requisite time period, they will not need to file a new brief unless they wish to do so, because the brief was properly filed prior to the corporate appellants' attorney's disbarment. The appeal of the non-corporate *pro se* appellants in the appeal docketed under 03-7392-cv is not affected by the disbarment of the corporate appellants' attorney.

Third, all of the motions by Truong to disqualify attorneys Daniel J. Brooks and David Levy are DENIED.

Fourth, in regard to this Court's June 2007 consolidation order, the parties are advised that: (1) the brief filed by Truong for the corporate appellants in 03-7392-cv was properly filed and the corporate appellants do not need to file a new brief, although they need to retain new counsel; (2) the current stay of proceedings is lifted; (3) all individual appellants must file one joint brief addressing all the claims in the remaining appeals; and (4) all of the appeals, aside from the single appeal dismissed as frivolous, remain consolidated for oral argument. The Clerk's Office is directed to file a new scheduling order requiring the individual appellants to submit one joint brief addressing all of the claims in the remaining consolidated appeals and requiring the appellees to submit one brief in opposition.

Fifth, because all individual appellants must now submit one joint brief, the motion to vacate this Court's November 2007 order is DENIED as moot.

Finally, appellants are prohibited from filing anything further in handwritten form.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By: [signature]

SAO KFW                                                                  4

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF NEW YORK       )

Timothy Clancy, being duly sworn, deposes and says, deponent is not a party to this action, is over eighteen (18) years of age and resides in Monmouth County, New Jersey. That on the 11th day of February 2008, deponent served the attached REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT upon:

> Mac Truong
> 325 Broadway, Suite 200
> New York, New York 10007

by hand delivery.

_____
Timothy Clancy

Sworn to before me this
11th day of February, 2008

_____
Notary Public

PATRICIA J. KEHLENBECK
Notary Public, State of New York
No. 01KE6037739
Qualified in Nassau County
Commission Expires February 28, 20 10