UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/24/09

------------------------------------------------------------x

DR. MAC TRUONG,                :        07 Civ. 8085 (SHS)

              Plaintiff,         :

    -against-                  :        ORDER

CHARLES SCHWAB & CO., INC.,    :

              Defendant.         :

------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

        The Court has received a motion dated January 30, 2009, by Dr. Mac Truong, a former attorney who appears pro se, seeking a variety of relief.

        1.     To the extent that the motion seeks reconsideration of this Court's Order dated September 29, 2008, which, inter alia, granted defendant's motion to dismiss the complaint, that relief is denied. Local Civil Rule 6.3[1] elaborates on Fed. R. Civ. P. 59(e) and "provides a vehicle for a party to call the court's attention to facts or controlling decisions it believes the court overlooked in reaching its prior decision." Gruppo, Levey & Co., GLC Sec. Corp. v. ICOM Info. & Comm., Inc., No. 01-Civ.-8922, 2003 WL 22283812, at *1 (S.D.N.Y. Oct. 2, 2003). To prevail on a motion for reconsideration, the movant must demonstrate that this Court overlooked factual matters or controlling decisions "that might reasonably be expected to alter the conclusion reached by the court." Wechsler v. Hunt Health Sys., Ltd., 285 F. Supp. 2d

---

[1] To the extent that this Court construes the motion as one made pursuant to Local Civil Rule 6.3, it puts aside questions regarding the timeliness of such a motion, which normally "shall be served within ten (10) days after the entry of the court's determination of the original motion . . . ."

343, 346 (S.D.N.Y. 2003) (quoting Davidson v. Scully, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001)); see also Park South Tenants Assoc. L.P. v. 200 Central Park South Assoc., L.P., 754 F. Supp. 352, 354 (S.D.N.Y. 1991), aff'd, 941 F.2d 112 (2d Cir. 1991). This standard is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." Ameritrust Co. Nat. Assoc. v. Dew, 151 F.R.D. 237, 238 (S.D.N.Y. 1993).

Defendant has not shown that this Court overlooked any factual matter or controlling case law that might have materially influenced its earlier decision. The 17 pages of memorandum and 232 pages of appendix submitted by plaintiff reargue each of the points raised by plaintiff in the extensive briefing on defendant's underlying motion to dismiss, and indeed on many previous occasions. Each of plaintiff's claims has been litigated repeatedly and dismissed in thorough opinions by several district judges in the Southern District of New York, by justices of the New York state courts, and most recently, in an order of the U.S. Court of Appeals for the Second Circuit. See, September 29, 2008 Order at p. 1.

2. To the extent that the motion is made pursuant to Rule 60(b) for relief from a final judgment or order, plaintiff presents no evidence or argument that justifies relief based on any of the subparts of Rule 60(b). See Employers Mut. Cas. Co. v. Key Pharms., 75 F.3d 815, 824-25 (2d Cir. 1996) ("A movant under Rule 60(b) must demonstrate 'exceptional circumstances' justifying the extraordinary relief requested." (citation omitted)). Plaintiff simply reiterates his earlier arguments. See Bennett v. Watson Wyatt & Co., 156 F. Supp. 2d 270, 273 (S.D.N.Y. 2001) ("Courts in this circuit have repeatedly dismissed Rule 60(b) motions that simply attempt to relitigate issues and thereby circumvent the appellate process."). Relief pursuant to Rule 60(b) is denied.

3.  To the extent that the motion is one seeking this Court's recusal and the reassignment of this action to another judge, that relief is denied. A judge is under an obligation to sit on cases that are assigned to him or her unless there is a basis for recusal. See In re Literary Works in Elec. Databases Copyright Litig., 509 F.3d 136, 140 (2d Cir. 2007) ("A judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is." (quoting In re Drexel Burnham Lambert Inc., 861 F.2d 1307, 1312 (2d Cir. 1988))). Here, the reason given by plaintiff for this Court to recuse itself is that this Court is allegedly "biase[d] in favor of defendant and at the detriment of plaintiff . . . ." (Motion, p. 13.) However, the only basis for that alleged bias appears to be that plaintiff disagrees with this Court's decision in this case and several of its decisions in various prior actions brought by plaintiff. That is not a basis for recusal. See United States v. Carlton, 534 F.3d 97, 100 (2d Cir. 2008). In any event, Truong specifically requests that, if his motion to recuse is granted, the matter not be reassigned to any of six other named judges of this Court (Motion, p. 14), further suggesting that plaintiff is simply seeking to have a judge assigned to this action who has not sat on any of the significant number of litigations previously filed by him in the Southern District of New York.

4.  To the extent that plaintiff seeks an extension of time in which to file an appeal from the September 29, 2008 Order of this Court pursuant to Fed. R. App. P. 4(a)(6), that relief is granted. Rule 4(a)(6) grants this Court discretion to permit an extension if it finds:

> (1) that [the moving party] was entitled to notice of the entry of the judgment; (2) that he did not receive such notice from the clerk or any party within 21 days of its entry; (3) that no party would be prejudiced by the extension; and (4) that he moved within 180 days of entry of the judgment or within 7 days of his receipt of such notice, whichever is earlier.

Avolio v. County of Suffolk, 29 F.3d 50, 52 (2d Cir. 1994). Here, plaintiff was entitled to notice of the entry of judgment dismissing the case; he filed the instant motion within 180 days; and no party would be prejudiced by the extension. See Cordon v. Greiner, 274 F. Supp. 2d 434, 441 (S.D.N.Y. 2003) ("[P]rejudice" is defined "for the purposes of Rule 4(a)(6) as some adverse consequences other than the cost of having to oppose the appeal and encounter the risk of reversal . . . ." (quotation and citation omitted)).

Plaintiff contends that the October 2, 2008 judgment in this action that granted defendant's motion to dismiss the complaint, denied plaintiff's cross-motion for summary judgment as moot, and closed the action, was never served upon plaintiff. (Motion, p. 6.) The Clerk of Court entered judgment for defendant on October 2, 2008, but the docket includes no indication that the Clerk mailed a notice of the judgment to plaintiff. Indeed, it appears that plaintiff is correct and that the Clerk of Court did not send him notice of the Order and judgment.[2] In addition, the Second Circuit has articulated a "policy of liberally construing pro se submissions . . . ." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Thus, the Court will credit plaintiff's assertion that he lacked notice and grant an extension of his time in which to file

---

[2] This action was originally filed by plaintiff in New York State Supreme Court. When defendant removed the action to federal court, it was designated for use of the Court's Electronic Case Filing ("ECF") system because the removing party–Schwab–was represented by an attorney. See Docket Entry dated Sept. 14, 2007. However, because plaintiff appears pro se, the case is, in fact, not eligible for ECF, since pro se parties may use ECF only if they are attorneys and members of this Court's bar. See U.S. District Court, Southern District of New York, Electronic Case Filing Rules and Instructions at 3 (Aug. 1, 2008); see also Local Civil Rule 1.3 (access to this Court's ECF system contingent upon application and admission to the Bar of the Southern District of New York). Despite the erroneous ECF designation, plaintiff did not file a notice of appearance with the Clerk of Court and therefore the Clerk of Court did not send plaintiff electronic notices regarding case activity to date. Therefore, the Court cannot find that the Clerk of Court's transmission of an electronic filing of a document constitutes service on him, as it normally does in a properly designated ECF case. See U.S. District Court, Southern District of New York, Electronic Case Filing Rules and Instructions at 9 (Aug. 1, 2008).

an appeal pursuant to Rule 4(a)(6).[3] Plaintiff may file a notice of appeal from this Court's September 29, 2008 Order and the resulting October 2, 2008 judgment within 17 days of the entry of this Order. See Fed. R. App P. 4(a)(6) ("The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered . . . ."); Fed. R. Civ. P. 6(d) ("When . . . service is made [by mail], 3 days are added after the period would otherwise expire . . . .").

Accordingly, (1) plaintiff's motion is denied except to the extent that he is granted leave to file a notice of appeal within 17 days of the entry of this Order; (2) the Clerk of Court is directed to serve a copy of this Order on plaintiff immediately via certified mail, return receipt requested, and to record that service in the docket of this case; and (3) the Clerk is also directed to remove this case from the Electronic Case Filing system on the grounds that plaintiff is proceeding pro se and is not an attorney admitted to this Court.

Dated: New York, New York
       February 24, 2009

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.

---

[3] Only "formal notice of the entry of [a] judgment or order under Civil Rule 77(d)" can preclude a party from obtaining an extension of time pursuant to Rule 4(6)(a), and so only notice by the Clerk of Court or defendant in this case could provide such notice. Fed. R. App. P. 4 advisory committee's notes (2005 Amendment).